Sharp v. State.

## SHARP v. THE STATE.

[No. 20,166. Filed October 14, 1903.]

APPEAL.—*Record.*—*Instructions.*—Instructions which are incorporated in the bill of exceptions containing the original longhand manuscript of the evidence are not thereby made a part of the record on appeal. *p. 289.*

SAME.—*Criminal Law.*—*Defense of Insanity.*—*Review of Evidence.*—Although the evidence upon the issue of the insanity of the accused in a criminal case may be possessed of little weight, still if it is of such a character that the jury may have reasonably inferred therefrom that he was of sound mind at the time he committed the offense, the question of his insanity can not be reviewed on appeal. *pp. 289, 290.*

CRIMINAL LAW. —*Insanity as Defense.* — *Excessive Use of Intoxicants.* —Persons who indulge in the excessive use of intoxicants, and thereby become degraded and depraved in their morals, are not for that reason alone to be considered insane, so as to absolve them from responsibility for a crime committed. *p. 291.*

From Gibson Circuit Court; *H. A. Yeager*, Special Judge.

Edward Sharp was convicted of sodomy, and he appeals. *Affirmed.*

*J. Q. A. Goodman* and *C. A. Buskirk*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *W. C. Geake*, *L. G. Rothschild* and *W. Espenschied*, for State.

JORDAN, J.—Appellant was charged by indictment with having committed the crime of sodomy, by violating the provisions of §2092 Burns 1901, §2005 Horner 1901. To the accusation he pleaded not guilty, and in addition to this interposed a written plea averring therein that at the date of the commission of the alleged offense he was a person of unsound mind. He was tried by a jury and found guilty, and, over his motion for a new trial, was

sentenced to be imprisoned in the state prison for not over fourteen, nor less than two years.

The sole insistence of his counsel in this appeal is that the court erred in giving and in refusing certain instructions, and that the evidence is not sufficient to warrant the jury in finding against him upon the issue of his insanity. The instructions given and refused are not made a part of the record by a proper bill of exceptions. Consequently no question which appellant's counsel attempt to present on the rulings of the court, in either giving instructions or in denying those requested, is before us for review. It is true that an effort has been made to make the instructions a part of the original bill of exceptions embracing the longhand manuscript of the evidence, but it has been settled by repeated holdings of this court that this method is not available for making instructions given or refused by the trial court a part of the record on appeal to either the Supreme or Appellate Court. *Carlson* v. *State,* 145 Ind. 650; *Adams* v. *State,* 156 Ind. 596, and cases cited.

The evidence shows beyond controversy that appellant committed what the statute properly declares to be "the abominable and detestable crime against nature" by having carnal knowledge of a beast, viz., a Shetland female pony. Numerous witnesses testified for and against the accused upon the question of his insanity at the time he perpetrated the alleged offense, and his counsel earnestly insist that upon this, under the evidence in the case, the jury ought to have found in his favor, and acquitted him of the crime charged. Counsel, however, seemingly overlook the rule established by many decisions of this court that the jurors in a criminal cause are not only the exclusive judges of the facts proved on the trial, but are also the exclusive judges of all inferences that may be drawn therefrom. The fact of appellant's insanity, when put in issue by

the method prescribed by our criminal code, is to be considered and determined by the jury in like manner as any other material fact in the case, and on appeal is governed by the same rule, which forbids us to weigh the evidence upon any question of fact determined by the jury or court trying the case. Although the evidence upon the issue of the insanity of the accused party in a criminal case may be weak and possess but little weight, still if it is of such a character that the jury may have reasonably inferred therefrom that he was, within the contemplation of law, of sound mind at the time he committed the offense, then the question of his insanity, upon the evidence, under the circumstances is not one open to review by this court on appeal. *Lee* v. *State,* 156 Ind. 541; *Blume* v. *State,* 154 Ind. 343; *Rinkard* v. *State,* 157 Ind. 534; *Braxton* v. *State,* 157 Ind. 213.

The evidence shows that the accused was a man thirty-six years of age, and that immediately previous to the commission of the offense charged he had been employed for some time as a clerk in a grocery store in the city of Princeton, engaged in selling groceries and in delivering them to customers throughout the city. Some of the witnesses testified that he was a bright man and very polite, except when he was drunk. When he was discovered by persons in the commission of the crime of which he was convicted, it is shown that he said to them: "Don't say anything about it to anyone, and I won't do so any more." To other persons he gave as an explanation or excuse for the act committed that he was drunk at the time, and full of cocaine, and didn't know what he was doing. One of the witnesses testified that when he caught him having intercourse with the beast in the stable, he "hollered" at him, and that thereupon the accused jumped down and ceased to continue the degrading act. It is shown that after the commission of the offense that he said to another person, who said to him that by the act in question he had committed a

penitentiary crime, that, if nothing was said about the matter, he "would never be caught doing anything like it again." We merely note the above facts, which, with other facts and circumstances in the case, certainly can not be said to be inconsistent with appellant's sanity. It is true that there is evidence to show that he had been an excessive user of intoxicating liquors for about fifteen years, and for several years had also been addicted to the "drug habit," by using cocaine and morphine, and apparently had reached a stage that, when under the influence of intoxicating liquors or drugs, he was devoid of all self-respect. It is shown that soon after he committed the crime herein charged he was prosecuted and convicted of being intoxicated in a public place, and was about to be committed to the county jail for the nonpayment of his fine. He seemingly recognized that he would be disgraced by the imprisonment, and appealed to one of his neighbors to stay the fine, stating to him that he never had been, and did not want to disgrace himself and family by being committed to jail.

In criminal jurisprudence, persons who indulge in the excessive use of intoxicants, and thereby become degraded and depraved in their morals, are not necessarily, for that reason alone, to be considered insane, so as to absolve them from responsibility for a crime committed. If a man whose appetite controls his mind and will can commit crime with impunity, because by the excessive use of intoxicants his moral nature has thereby been degraded and depraved, then under such circumstances the law would certainly be open to a merited reproach. Such, however, is not the law as recognized by the decisions of this court. *Goodwin* v. *State,* 96 Ind. 550. As there is evidence to warrant the finding of the jury, we can not disturb the judgment below upon the question of its insufficiency.

Judgment affirmed.