COPPOCK *v.* STATE OF INDIANA

[No. 29,463.   Filed February 8, 1957.]

*Joseph T. Murphy,* of Wabash, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, C. J.—This is an appeal from a conviction under a charge of obtaining money under false pretense. Appellant was charged with the offense by affidavit in four counts. Counts one and three were related to checks given for services, and checks two and four were given for materials allegedly furnished. Appellant pleaded "not guilty." Thereafter he filed a motion to withdraw the plea and quash the affidavit, which motion was denied. He thereupon filed a motion to quash all four counts, which was overruled. He was found guilty on counts one and three, and not guilty on counts two and four. Appellant assigns error in the overruling of the motion to quash and the overruling of the motion for a new trial, claiming the verdict was contrary to law and not sustained by sufficient evidence.

Briefly, the facts are that appellant approached one Mrs. Minnie Stephenson, aged 83, and received permission to investigate her premises for termites. After a purported inspection, appellant told her that termites were present in the house and was given permission to treat it. This "treatment" continued over a period of

approximately six months, during which time appellant was given four checks totalling approximately $910.00 by Mrs. Stephenson.

The state presented the testimony of five men qualified in entomology and pest control. All stated that upon examination they found no evidence of termite infection,[1] although they did find a few spots where powder post beetles had been. Also, they found that there was no evidence that there had been treatment of any kind for either the termites or beetles. In fact, it appeared from the cobwebs under the house that neither an inspection nor treatment of the house had been made.

There was evidence that the cost of termite control, if needed, would be no more than $300.00 The witnesses testified that treatment for powder post beetles was not necessary, but that had it been necessary, the cost would not have been more than $50.00.

The statute which defines the crime of obtaining money under false pretense reads in part as follows: "Whoever, with intent to defraud another, designedly, by . . . false pretense, . . . obtains from any person, . . . any money, . . . or thing of value . . . shall, on conviction, be imprisoned in the state prison not less than one (1) year nor more than seven (7) years, . . ." §10-2103, Burns' 1956 Repl.

This court has set forth the necessary elements of such an offense as follows:

> "It is necessary in charging the offense of obtaining money or other thing of value under false pretense to allege and prove (1) a false representation of a material existing fact, (2) a denial of

---

1. Appellant argued that one witness, James Glaub, found evidence of termite infection. However, while such statement was made, the witness immediately corrected himself and stated: "No, I did not find termites under the house."

the truth of the representation, (3) to whom made, (4) knowledge of its falsity, (5) intent to defraud, (6) reliance by the victim or victims on the false representation, (7) that the victim or victims were deceived, (8) to whom the money or other thing of value belonged, and (9) the surrender thereof to the defendant because of the false representation. . . ." *Crouch* v. *State* (1951), 229 Ind. 326, 334, 97 N. E. 2d 860.

In support of his motion to quash the affidavit, appellant maintains that neither count of the affidavit charged him with representing himself as possessing any knowledge of termites, their extermination or prevention. However, counts two and four stated in part: "that he, the said W. B. Coppock, was the representative of a company engaged in the extermination of termites and the prevention of the recurrence of termites, . . . and that he, W. B. Coppock, was prepared to exterminate said termites to prevent their recurrence and to guarantee against their recurrence for an unlimited time." This is sufficient to show that he did represent himself as possessing such knowledge.

In support of his contention that the verdict was not supported by sufficient evidence, appellant contends that the affidavit states that he represented to Mrs. Stephenson that her residence was "infested" with termites, whereas the evidence is merely that appellant told Mrs. Stephenson she had termites in her house.

The variance between the allegation and the proof was a matter of mere phraseology and not of proof. In fact, the use of the word infested is common when referring to the presence of termites or other like insects. The evidence was sufficient to prove the alleged misrepresentation on the part of the appellant.

We have examined appellant's other contentions and have determined that they are equally without merit.

Judgment affirmed.

Arterburn, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 102.