KLAHR *v*. STATE OF INDIANA.

[No. 29,887. Filed February 20, 1961.]

358

*James D. Lopp, William D. Stephens* and *Morton W. Newman,* all of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Harriette Bailey Conn,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged by an affidavit in three counts with (1) Grand Larceny, (2) Embezzlement and (3) Obtaining Money by False Pretense. After a trial by the court without a jury appellant was found guilty of obtaining money by False Pretense under count 3.[1] He was fined in the sum of ten dollars

---

1. The statute defining False Pretense is Burns' §10-2103 (1956 Replacement), and provides as follows:

($10.00) and sentenced to the Indiana State Prison for a term of one (1) to seven (7) years. He appeals from the judgment.

Appellant urges among other things that the court erred in overruling his motion for new trial grounded on the specification that the finding of the court was not sustained by sufficient evidence.

,Count 3 of the affidavit upon which appellant was convicted reads in part as follows:

> ". . . that *MAX DAVID KLAHR* [appellant] on or about the 15th day of October, 1956, . . . *did* then and there feloniously, unlawfully, *knowingly and falsely, pretend* to CURTIS VAN BIBBER and LAFAYETTE DALLAS . . . with intent then and there, and by such false pretense, to cheat and defraud the said CURTIS VAN BIBBER and LAFAYETTE DALLAS . . . for the purpose of obtaining from the said CURTIS VAN BIBBER and LAFAYETTE DALLAS . . . the sum of Six Hundred Dollars ($600.00) in lawful and current money of the United States of America, *that he the said MAX DAVID KLAHR could then and there presently purchase for the said CURTIS VAN BIBBER and LAFAYETTE DALLAS . . . Prestone Antifreeze for a price of One Dollar ($1.00) per gallon from a friend in New York; whereas in truth and in fact the said MAX DAVID KLAHR then and there had no friend in New York from whom he could obtain Prestone Antifreeze for One Dollar ($1.00) per gallon;* that the said CURTIS VAN BIBBER and LAFAYETTE

---

"Whoever, with intent to defraud another, designedly, by color of any false token or writing, or any false pretense, obtains the signature of any person or persons, firm or corporation to any written instrument, or obtains from any person, persons, firm or corporation any money, or the transfer of any bond, bill, receipt, promissory note, draft, or check, or thing of value, or whoever sells, barters, or disposes of, or offers to sell, barter or dispose of any transfer, bond, bill, receipt, promissory note, draft or check, or anything of value, knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretense, shall, on conviction, be imprisoned. . . ." Acts 1905, ch. 169, §677, p. 584; 1907, ch. 228, §1, p. 431.

DALLAS . . . relying upon the said representations of the said MAX DAVID KLAHR and his false pretenses as aforesaid, and believing the same to be true, and being thereby deceived, and having no means of ascertaining the contrary, did then and there and by reason of such reliance and belief, upon the said day, execute and deliver to the said MAX DAVID KLAHR a check for Six Hundred Dollars ($600.00) . . . and the said MAX DAVID KLAHR did then, there and thereby receive and obtain possession of said check, by means of his false pretenses as aforesaid, and dispose of the same, for value, by indorsement and delivery, to the injury of the said CURTIS VAN BIBBER and LAFAYETTE DALLAS. . . .

"Then and there being contrary to the form of the Statute. . . ." (Italics supplied.)

The facts favorable to appellee necessary for a consideration of this case follow. Curtis Van Bibber and Lafayette Dallas operated a gasoline service station in Evansville as a partnership. Appellant had been a frequent customer and about August 1, 1956, came to the station and told Van Bibber and Dallas that he knew where he could buy Prestone Antifreeze for one dollar ($1.00) a gallon. The wholesale price of such antifreeze at that time was over two dollars ($2.00) a gallon. Appellant claimed it was distressed merchandise and Van Bibber and Dallas agreed to pay for the antifreeze in advance. Van Bibber gave appellant a check for three hundred dollars ($300.00) on August 4, and it was agreed the antifreeze would be delivered in thirty (30) days by truck.

When the antifreeze did not arrive within thirty (30) days appellant told the partners that a larger order was needed to make a truck load, and on September 14 the partners gave appellant a second check in the amount of six hundred dollars ($600.00) for the purchase of six hundred (600) more gallons of antifreeze.

The antifreeze still didn't arrive and on October 1, 1956, the partners gave appellant another check for eight hundred dollars ($800.00) for eight hundred (800) more gallons of antifreeze. When the antifreeze still did not arrive appellant told the partners they would have to wait until the truck was completely full for it was necessary to have a full load before the antifreeze would be shipped. Then on October 15, 1956, one of the partners, Lafayette Dallas, gave appellant a check for six hundred dollars ($600.00) for six hundred (600) additional gallons of antifreeze, which was supposedly enough to fill the truck. Appellant stated the antifreeze would be on its way within thirty (30) days. The antifreeze never arrived and appellant told the partners there had been a fire in the New York docks, but the antifreeze would arrive as soon as the dock was cleaned up.

Appellant cashed all four (4) checks and subsequently told the partners appellant had given their money to his contact in New York and that the partners would have to wait until he found his contact in New York before he could get the antifreeze for them. The antifreeze was never delivered.

In November or December of 1956, which was after all the checks were given to appellant, the partners first learned the name of appellant's contact in New York, one John Dioginno, and that he had an office therein at 111 North Fifth Avenue, but made no inquiries to verify the address.

The Chief of Police of the city of Evansville testified that he made an investigation at the request of the prosecutor, that he had received a letter from somebody, but that he did not find any information or make any determination as to the existence of appellant's con-

tact man in New York at the 111 North Fifth Avenue address.

The necessary elements of False Pretense necessary to be alleged and proved have frequently been stated by this Court[2] to be as follows:

(1) *a false representation of a material existing fact,*

(2) a denial of the truth of the representation,

(3) to whom made,

(4) *knowledge of its falsity,*

(5) intent to defraud,

(6) reliance by the victim or the victims on the false representation,

(7) that the victim or victims were deceived,

(8) to whom the money or other thing of value belonged, and

(9) the surrender thereof to the defendant because of the false representation. (Italics supplied.)

While we cannot on appeal weigh the evidence, it is our duty to review the same to determine whether the finding of the court is sustained by sufficient evidence. When we do this we are compelled to come to the conclusion that the foregoing evidence together with all inferences properly based thereon is entirely insufficient to prove the essential elements of False Pretense that appellant made a false representation of a material existing fact with knowledge of its falsity as alleged in the affidavit, viz.:

". . . that MAX DAVID KLAHR . . . did . . . knowingly and falsely, pretend . . . he . . . could then and presently purchase for the said CURTIS VAN BIBBER and LAFAYETTE DALLAS . . . Prestone Antifreeze for a price of One

2. *Coppock* v. *State* (1957), 236 Ind. 341, 343, 140 N. E. 2d 102, 104; *Crouch* v. *State* (1951), 229 Ind. 326, 334, 97 N. E. 2d 860, 863.

Dollar ($1.00) per gallon from a friend in New York; whereas in truth and in fact the said MAX DAVID KLAHR then and there had no friend in New York from whom he could obtain Prestone Antifreeze for One Dollar ($1.00) per gallon. . . ."

There is no probative evidence that appellant pretended he had a friend or contact man in New York prior to the time the victimized partners delivered their money to him, nor is there any evidence that in fact he had no friend or contact man in New York from whom he could purchase the merchandise as charged in the affidavit. The testimony of the victimized partners did not throw light on these matters nor did the testimony of the Chief of Police. The statement of the police chief that he did not find any information or make any determination as to the existence of appellant's friend or contact man at the Fifth Avenue address certainly was of no probative value to prove anything as to the existence or nonexistence of such person. Nothing appears as to the thoroughness of his investigation, and in fact he stated he came to no determination himself. This evidence was insufficient upon which to base any kind of an inference favorable to the state.

It is true that the crime of False Pretense is difficult to prove, but as an author of note has remarked:

". . . Although in ethics every misrepresentation is morally wrong, yet if so severe a standard of conduct is to be introduced into our Criminal Code, it is plainly to be seen that breach of contract and crime will be scarcely divided by an appreciable line, and that criminal tribunals will hereafter be employed in punishing infamous acts which have heretofore been understood as only creating civil liabilities. A rule of such extreme urgency might, in some instances, justly chastise a bad man; but it could not fail to be terribly abused by exasper-

ated or reckless creditors, smarting under losses, and stimulated by the fierce spirit of revenge, for wrongs supposed or real." Wharton's Criminal Law, 12th ed., Vol. 2, §§1398, 1399.

As the finding of the court is accordingly not sustained by sufficient evidence, the judgment is reversed with directions to sustain the motion for new trial.

Bobbitt, C. J., and Arterburn and Jackson, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 172 N. E. 2d 210.