BROWN *v.* STATE OF INDIANA.

[No. 370S48. Filed November 17, 1970. Rehearing denied
December 30, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,*
Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the Marion Criminal Court, Division Two. Appellant was tried without the intervention of a jury and was found guilty of entering to commit a felony, a lesser included offense of the crime charged, first degree burglary.

Evidence introduced at the trial indicates that on April 10, 1969, James William Cooper returned to his home at 3505 Prospect in Indianapolis, Marion County, Indiana, and found that the house had been broken into during his absence and that a .22 caliber pistol, a beach towel, and a television set had been taken. Entry into the house was made by breaking and entering a window in the bathroom of the house.

The television set was later recovered from James Marvin, who had received the set from the appellant in exchange for a used car. The towel and gun were not found. On the morning of April 10, 1969, a neighbor of James William Cooper went to the Cooper home, knocked on the door, and when no one answered, went to a window and knocked. It was at that point that she saw the appellant running out of the bedroom with something wrapped in a towel. He proceeded to run out of the house, using the back door.

Testifying in his own behalf, the appellant admitted that he took the television set, but denied taking the gun and towel. He maintained that Cooper had given him permission to go to the house and take the television set. Appellant alleges on this appeal that there is no evidence in the record to support the judgment of the trial court in that there is no showing that the appellant had any specific intent to commit a crime in the Cooper house when he entered it. Furthermore, appellant contends that there is no evidence that the entry into the house was in fact illegal.

Speaking for this Court, Judge Jackson recently said in *Powell* v. *State* (1970), 254 Ind. 200, 258 N. E. 2d 633, 635:

". . . The rule is well settled in Indiana that a conviction will be sustained if there is any evidence of probative value of the facts essential to support the judgment. *Mathews* v. *State* (1967), 248 Ind. 563, 228 N. E. 2d 1; *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212. When the question of the sufficiency of the evidence is raised, this Court will consider only that evidence most favorable to the State, together with all the reasonable inferences to be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Butler* v. *State* (1967), 249 Ind. 484, 229 N. E. 2d 471. Also, on appeal, this Court will not weigh the evidence nor will it determine the credibility of the witnesses. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809."

Here, the evidence most favorable to the State shows that the home of James William Cooper was entered by the break-

ing of a window and that a television set, a beach towel and a .22 caliber pistol were taken. The appellant was seen inside the house, without the permission of James Cooper, and was seen running away from the house carrying something wrapped in a towel. The appellant even admitted that he had taken the television set and traded it for a used car. Under this evidence the trial court was warranted in returning a verdict of guilty. The trial court was not bound to believe the testimony of the appellant.

'The question of the intent with which an act is done is a fact to be determined by all of the evidence introduced at the trial, together with logical inferences therefrom." 1 Ewbanks Indiana Criminal Law, Symmes Ed., *Evidence,* § 396.

In *Tait* v. *State* (1963), 244 Ind. 35, 44, 188 N. E. 2d 537, 542, this Court stated:

"It has been held by this court that the issue of intent is a question of fact to be determined by the jury from all the evidence submitted at the trial. Its verdict will not be disturbed on appeal unless there is an entire failure of the evidence to sustain it on some material point. *Bleiweiss* v. *State* (1919), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577. Intent may be inferred from circumstances which legitimately permit it. *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N. E. 640."

We hold that the evidence set out above was sufficient for the trial court to have found that the appellant took property of James Cooper (or property in his custody) and that the appellant used this property in such manner as to knowingly deprive the rightful owner, or person having custody of the property, of the benefit of such property. Thus, the requisite intent to commit the crime was present.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 263 N. E. 2d 540.