ROBERT SCHMIDT *v*. STATE OF INDIANA.

[No. 1-972A66. Filed April 9, 1973. Rehearing denied May 23, 1973. Transfer denied September 26, 1973.]

*Charles W. Symmes, James H. Voyles, Symmes, Fleming, Ober & Symmes,* of Indianapolis, *Larry J. Wallace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Schmidt) was convicted by a jury of theft by deception and sentenced accordingly by the Hancock Circuit Court. A motion to correct errors was thereafter filed on behalf of Schmidt and subsequently overruled, from which ruling he brings this appeal. Schmidt's claim of error on appeal is directed primarily to the propriety of the trial court's action in granting the State a jury trial over Schmidt's objection, and to the sufficiency of the evidence.

It is contended in regard to the first issue that Schmidt was denied a fair trial and that the court abused its discretion in overruling his objection to a jury trial. Prior to a change of venue from the Marion County Criminal Court, the State and Schmidt waived trial by jury and agreed upon a trial to the court. Upon learning that the Hancock Circuit Court had set the cause for trial by a jury, Schmidt objected in writing on the basis of the previous waiver agreement. The court overruled the objection and submitted the cause to a trial by jury which it is now alleged by Schmidt was prejudicial to him and constituted reversible error. Schmidt's claim of prejudice is based, for the most part, on the argument that a jury would be unduly sympathetic toward an elderly woman as the chief prosecuting witness in a case of this nature.

IC 35-1-34-1, Ind. Ann. Stat. § 9-1803 (Burns 1956) provides all trials to be before a jury unless the defendant and prosecuting attorney, with the assent of the court, may try the cause to the court without a jury. We are of the opinion that the change of venue to another

court would vitiate any prior waiver of a jury trial for the statute expressly requires the trial judge to join in any such agreement to a bench trial. It was further determined in *Allredge* v. *State* (1959), 239 Ind. 256, 156 N.E.2d 888, that a defendant has a right to a jury trial but he does not have a corresponding right to be tried without a jury. We find no error in the use of a jury in the instant case.

In view of the language of the statute Schmidt's citation of authority saying that a withdrawal of such a waiver must be seasonably made is not applicable.

Prior to discussing the sufficiency of the evidence, we are compelled to restate the oft-cited proposition in criminal appeals that we will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888, and *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E.2d 893. A conviction must be affirmed if, having applied the rule, there is evidence of probative value from which the jury could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E.2d 381.

The substance of Schmidt's argument relating to the sufficiency of the evidence is that the verdict of the jury is contrary to law and not supported by sufficient evidence upon all the necessary elements to sustain a charge of theft by deception under IC 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1956).

The evidence, briefly summarized, shows that Schmidt, who operated and partly owned a business in Indianapolis known as American Maintenance Company, visited the home of Marguerite Mahoney, a 74 year old retired school teacher who had contacted Schmidt concerning repair work on her roof. During the visit, Schmidt informed Miss Mahoney that the electrical wiring in her attic was defective and presented a serious fire hazard. He also stated that she needed a new

circuit box in the basement which he estimated would cost around $800. Miss Mahoney agreed to have the recommended work done by Schmidt's company. The work was performed primarily by a Charles "Chuck" Dow, who was an employee or sub-contractor of American Maintenance. Neither Schmidt nor Dow was licensed to perform electrical work. Upon completion of the job Schmidt presented Miss Mahoney with an itemized bill of $3,218 less $500 which was paid in advance. Included in the bill were a circuit box, 672 feet of wiring, two boxes of wire nuts, eight combination boxes, one box of staples, and one door closer. Miss Mahoney paid the bill after protesting that Schmidt's men did not perform 42 hours of labor as itemized in the bill. A second protest, in writing this time, resulted in a refund of $120 which did not satisfy her.

The work was subsequently inspected by an electrical inspector for the City of Indianapolis, who testified that the wiring was improperly connected and there were no junction boxes. He further testified that he found only 50 to 60 feet of new wiring, no wire nuts, no cable staples, and no combination boxes, and that the remaining (old) wiring was in good condition. Other testimony revealed that the month prior to the work, the circuit box which Schmidt had replaced was in good condition.

Charles Dow testified that Schmidt was not involved in the installation of the electrical service at the Mahoney home, and that he was paid upon what he told Schmidt. Dow also testified that he used 40 to 50 feet of wiring on the job, then burned the insulation off the remaining wire and sold it for copper, of which Schmidt had no knowledge.

Schmidt testified that he was not aware of the amounts of the materials which Dow actually used, and he did not know that certain materials for which Miss Mahoney was charged were not used until a month after the job was completed when Dow admitted it to him.

Schmidt argues that the testimony herein fails to show knowledge on his part of the falsity of representation as an

essential element of theft by deception. See *Coppock* v. *State* (1957), 236 Ind. 341, 140 N.E.2d 102; *Klahr* v. *State* (1960), 241 Ind. 357, 172 N.E.2d 210.

We are of the opinion that knowledge or intent could be inferred by the jury from the totality of the circumstances surrounding the facts of this case. See *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796; *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601; and *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N.E.2d 703.

The jury heard evidence of materials not used on the job, but paid for, the fact that the wiring was safe a month prior to Schmidt's statements to the contrary, and the performance of "work" by unqualified personnel. All of which could be said to be knowingly deceptive on Schmidt's part.

*Kondrup, supra,* citing authority, holds that where there may be an inference of guilt, or an inference of innocence, it is not within the province of this court to choose which is controlling.

In a similar manner we are not persuaded that IC 35-17-5-7, Ind. Ann. Stat. § 10-3034(1)(b) is a defense to the offense charged in this case. That statute says one acts under an honest claim of right when "he believes that he is entitled to the property," in this case the money paid by the prosecuting witness. If the jury found, as we believe they did, that Schmidt knowingly committed theft, it is axiomatic that an honest claim of right would be excluded from consideration.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 294 N.E.2d 638.