JERALD E. FARNO v. STATE OF INDIANA.

[No. 2-973A204. Filed March 28, 1974.]

Herbert W. Johnson, Jr., of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, David A. Miller, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Jerald Farno (Farno) appeals from a trial court conviction of Entering to Commit A Felony (Theft), claiming insufficient evidence as to his intent to commit the theft.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On the evening of April 12, 1972, Farno's mother, Treva Farno (Treva) returned to her house from a thirty-minute shopping trip to find the glass from her back door had been broken. Farno, who had been released from jail the day before, was inside the house.

Upon seeing her son in the house, Treva became angry and threatened to telephone the police. A scuffle ensued. Farno seized Treva's purse, containing $123.00 and some keys, and fled out the back door.

Three days later, Farno called Treva and informed her where the purse could be found. Treva went to the location and found the purse. The money and keys had been removed.

Farno had not resided at the house since reaching the age of twenty-one in September, 1971, seven months before. At that time he was ordered by Treva to leave. On the day of his release from jail, Treva had sought and obtained a restraining order, prohibiting Farno from visiting her residence.

At trial, Farno stated that he had no money when he was released from jail and went to Treva's home to get some clothing he had left behind. Treva testified that Farno had neither clothing nor any other personal belongings in the house at the time of the incident.

Although Farno was charged by affidavit with First Degree Burglary, he was convicted by the trial court on May 15, 1973 of Entering to Commit a Felony, *i.e.*, Theft, and was sentenced to a term of not less than one nor more than five years.

## ISSUE

Was the evidence sufficient to prove that Farno entered Treva's home with the intent to commit a felony (theft)?

Farno admits to entering into the house and subsequently seizing Treva's purse and fleeing. However, he argues that neither the theft nor his flight serve as evidence from which the trial court could have inferred that he intended to commit theft at the moment he entered the dwelling.

The State contends that the element of Farno's intent at the time of entry was reasonably inferrable from circumstantial evidence.

## DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to prove beyond a reasonable doubt that Farno possessed an intention to commit theft at the time he entered the house.

In order to convict Farno of Entering to Commit a Felony, the State was bound to prove, as an essential element, his specific intention to commit a felony (theft) at the time he entered Treva's home. Because such "intent" is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to reasonably infer its existence. *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601; *Walker* v. *State* (1968), 250 Ind. 649, 238 N.E.2d 466; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537; *Luther* v. *State* (1912), 177 Ind. 619, 98 N.E. 640; *Strode* v. *State* (1973), 159 Ind. App. 42, 304 N.E.2d 549; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

If the circumstantial evidence bearing upon this element could reasonably lead to either of two inferences, one of guilt and one of innocence, an appellate tribunal is not free to reweigh the evidence and determine which should have predominated in the mind of the

trier of fact. *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N.E.2d 703; *Shutt* v. *State* (1954), 233 Ind. 169, 117 N.E.2d 892; *Ware* v. *State* (1972), 152 Ind. App. 582, 284 N.E.2d 543.

Our function, then, is a limited one:

> "Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding *whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court.* Stice v. State (1950), 228 Ind. 144, 89 N.E.2d 915; Petillo v. State (1950), 228 Ind. 97, 89 N.E.2d 623." (Emphasis supplied.) *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E. 2d 554 at 556. *See also, Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

Indiana courts have often recognized that felonious intent at the time of entry may be inferred from the fact that a criminal act is committed by the accused *after* the entry. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Brown* v. *State* (1970), 255 Ind. 249, 263 N.E.2d 540; *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796; *Croney* v. *State* (1969), 252 Ind. 319, 247 N.E.2d 501; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N.E.2d 866; *Dixon* v. *State* (1963), 243 Ind. 654, 189 N.E.2d 715; *Coffer* v. *State* (1958), 239 Ind. 22, 154 N.E.2d 371; *Eby* v. *State* (1972), 154 Ind. App. 509, 290 N.E.2d 89 *(transfer denied)*.

There are reasonable inferences flowing from circumstantial evidence in this case which support the trial court's decision. While Farno was no stranger to Treva's household, he was under a restraining order not to visit her home. He was broke, there was no property owned by him on the premises, he confronted Treva and stole her purse and then absconded, ultimately keeping her money and keys; all of which justifies the inference that Farno entered with the intent to commit theft if the opportunity arose, which it did.

As to flight as an additional factor of incriminating evidence relevant to intent at the time of entry, *see: Johnson* v. *State*

(1972), 258 Ind. 683, 284 N.E.2d 517; *Turner* v. *State* (1970), 255 Ind. 427, 265 N.E.2d 11; *Sargent* v. *State, supra; Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759.

Farno's conviction is affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 308 N.E.2d 724.