JAMES DAVID MAJORS *v.* STATE OF INDIANA.

[No. 1-573A84. Filed May 1, 1974. Rehearing denied June 10, 1974. Transfer denied December 4, 1974.]

*Philip H. Hayes,* of Evansville, *James David Majors, pro se,* for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for Appellee.

ROBERTSON, P.J.—Defendant-Appellant (Majors) was charged with the crime of First Degree Burglary and pleaded not guilty by reason of insanity. Following a trial by jury in which Majors was found guilty, the trial court sentenced him to serve a ten to twenty year prison term. On appeal, Majors questions the sufficiency of the evidence and, in addition, claims that the trial court erred in instructing the jury as it did, and in refusing to give certain instructions which Majors requested.

The evidence most favorable to the State, and the reasonable inferences to be drawn therefrom, discloses that on the evening of November 11, 1971, a young Evansville housewife returned to her home after a shopping trip. In the livingroom she encountered Majors who was wearing a silk stocking over his head and holding a pistol in his hand. The pistol belonged to the woman's husband and had been found by Majors during his search of the house before the arrival of the woman. Majors was wearing a suit of clothes which also belonged to the husband, but he informed the woman that he wanted something older to wear. Being frightened, the woman provided him with some of her husband's older clothing. In gathering this clothing for Majors, the woman noticed that the upstairs of the house had been ransacked and the bathroom was filthy. In explaining the reason for the dirty condition of the bathroom, Majors informed the woman that he had taken a bath to remove grime acquired during his stay beneath the porch at the side of the woman's house. He had hidden there earlier in the evening in order to avoid capture by the police who were looking for him in connection with another incident. Majors had the woman drive him in her car to his uncle's house. At that point he told her she was free to go. When Majors departed the car he was wearing the husband's clothing and he still had the husband's gun.

The offense of first degree burglary is defined as follows:

"Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury

to any human being, shall be guilty of burglary in the first degree. . . ." IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

The material elements are thus:

1. breaking and entry;
2. of a dwelling house or place of human habitation;
3. with the intent to commit a felony therein.

Majors' argument on the sufficiency of the evidence question is limited to the last element. His argument is two-pronged—first, the State's evidence failed to show beyond a reasonable doubt that Majors was of sound mind at the time of the alleged offense, and thereby failed to prove that he possessed the requisite intent, and second, there was not sufficient evidence to show that Majors did break and enter with the intent to commit the felony of theft.

When the defendant in a criminal case raises the issue of insanity, the State must prove his sanity beyond a reasonable doubt. It is a question of fact and must be determined by the jury in like manner to any other material fact in the case. On appeal, it is treated no differently than any other factual issue—if the evidence, and the reasonable inference to be drawn therefrom, is of such character as to permit the jury to find defendant to be of sound mind, the verdict must stand. *Sharp* v. *State* (1903), 161 Ind. 288, 68 N.E. 286. The evidence most favorable to the State on this issue was the testimony of the court appointed psychiatrist, Dr. Crudden. In his opinion, Majors was normal and mentally competent on the day of the alleged offense, November 11, 1971.

Majors argues that this testimony was not sufficient in view of Dr. Crudden's response under cross-examination to a hypothetical question posed to him. The question concerned whether a person could experience panic as a result of being chased and shot at by police. Dr. Crudden responded that temporary insanity could possibly result under such circumstances. However Majors overlooks the additional comment

of Dr. Crudden that such condition would last for only a few minutes. Majors urges that the entire testimony of Dr. Crudden, coupled with the testimony of all witnesses in regard to Majors' mental condition (Majors does not set forth in the brief the specific testimony of the other witnesses to whom he refers) indicates overwhelmingly that he was not of sound mind. We are of the opinion that Dr. Crudden's testimony provides the necessary support to a finding that Majors was of sound mind. *See Sharp, supra.*

We now consider whether the finding of the requisite intent was supported by sufficient evidence. The recent case of *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724, was an appeal from a conviction of Entering to Commit a Felony, an essential element of which is an entering with intent to commit a felony. In that case Farno argued, as does Majors herein, that the evidence was insufficient to show that he possessed the intention to commit a felony at the time he entered the house. The *Farno* court set forth the applicable law as follows:

"In order to convict Farno of Entering to Commit a Felony, the State was bound to prove, as an essential element, his specific intention to commit a felony (theft) at the time he entered Treva's home. Because such 'intent' is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to reasonably infer its existence. (Citing authorities).

If the circumstantial evidence bearing upon this element could reasonably lead to either of two inferences, one of guilt and one of innocence, an appellate tribunal is not free to reweigh the evidence and determine which should have predominated in the mind of the trier of fact. (Citing authorities).

. . . .

Indiana courts have often recognized that felonious intent at the time of entry may be inferred from the fact that a criminal act is committed by the accused *after* the entry. (Citing authorities). 308 N.E.2d at 725-26.

Majors contends that the evidence shows that he entered the house not to commit a felony, rather, to avoid appre-

hension by police officers. While this is a permissible inference, an equally valid inference is that he entered the house in order to obtain a change of clothing and a weapon to assist him in his further efforts to avoid capture. The latter inference arises from the evidence that Majors was wearing the clothing of the husband when confronted by the woman of the house, and in addition was holding the husband's pistol. He kept these items when he left the house. Such evidence supports the inference that Majors entered the house possessed of the requisite intent.

We now turn to Majors' allegations of error concerning the giving and the refusing of various instructions.

Majors contends the trial court erred in submitting to the jury State's Instruction No. 2, which reads as follows:

> "You are further instructed that the State is not required to make proof of felonious intent, as a fact, by direct and positive evidence. The State is only required to produce such evidence as will satisfy the jury beyond a reasonable doubt that the crime charged was committed by the defendant with the felonious intent charged in the affidavit. A determination of the defendant's intent may be arrived at by the jury from a consideration of the defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points."

He argues that it was incomplete for the reason that the defense of insanity had been interposed. Therefore, in deciding whether Majors possessed the requisite intent, the jury should have been instructed to consider the defendant's ability to form the necessary criminal intent. Although the above instruction did not make reference to his defense of insanity, instructions numbered 1, 2, 7 and 8 tendered by him and given by the court did adequately cover the topic. Defendant's Instruction No. 2 stated:

> "In order to find that the Defendant was of sound mind at the time of the alleged commission of the act, the State of Indiana must prove beyond a reasonable doubt that:
>
> 1. The defendant knew and comprehended the nature and consequences of his actions.

2. The Defendant had sufficient will power to control his impulse to commit the act alleged."

Because State's Instruction No. 2, as given by the trial court was a correct statement of the law, and because other instructions given by the trial court adequately covered the issue of Majors' insanity, we find no error committed by the trial court in giving State's Instruction No. 2.

Majors next contends that the trial court erred in refusing Defendant's Instructions Nos. 6, 7, and 10. Instructions Nos. 6 and 7, set forth the procedures to be followed should Majors be found not guilty by reason of insanity. By refusing to give the instructions, Majors argues that the jury was encouraged to find him guilty because in the absence of the refused instructions the implication would be that a defendant found not guilty by reason of insanity would be set free. The refused Instructions Nos. 6 and 7 would have alleviated the juror's fears of setting Majors free by informing them that he would be confined in an appropriate mental hospital instead. Defendant's Instruction No. 6 is a substantially verbatim statement of IC 1971, 35-5-3-1, Ind. Ann. Stat. § 9-1704a (Burns Supp. 1973), and his Instruction No. 7 is a similar recitation of IC 1971, 35-5-2-4, Ind. Ann. Stat. § 9-1705 (Burns Supp. 1973). Both of these statutes were declared unconstitutional in *Wilson* v. *State* (1972), 259 Ind. 375, 287 N.E.2d 875. The trial court's refusal in the instant case to give these two instructions was not error as neither reflected a correct statement of the law. *See Gayer* v. *State* (1965), 247 Ind. 113, 210 N.E.2d 852.

Defendant's Instruction No. 10 was also refused by the trial court. It reads as follows:

"You have been instructed that a necessary element of the crime of burglary in the first degree is proof beyond a reasonable doubt that the Defendant broke and entered into a dwelling house with the intent to commit theft.

In considering all of the evidence in order to determine whether the Defendant has been proved beyond a reasonable doubt to have had the intent required, you may take into

consideration the mental condition and status of the Defendant at the time of the alleged commission of the crime.

If you find that the mental condition and status of the Defendant was such that he could not form this specific intent required, but that such mental condition or status does not amount to insanity as defined by the instructions you have been given, then a reasonable doubt has been raised as to this material allegation of the State's Affidavit and you must find the Defendant 'Not Guilty'."

Majors argues that its refusal was error by the trial court because he was entitled to an instruction which defined the essential element of intent and only his Instruction No. 10 undertook to do that. He also asserts that none of the instructions given the jury specifically stated that the State was bound to prove his mental capacity to form the necessary intent beyond a reasonable doubt and only his Instruction No. 10 did that. We disagree. In the first place, it is difficult to discern how his tendered Instruction No. 10 defines intent in any clear fashion. Secondly, Defendant's Instruction No. 8 was given to the jury and informed them that if the State failed to prove beyond a reasonable doubt that the defendant was of sound mind at the time the offense was committed, they, the jury, would have to return a verdict of not guilty. Furthermore, Defendant's Instruction No. 2, which was given to the jury and is set out above, in addition to delineating the elements required to find the defendant to be of sound mind, laid down the proper standard by which the State was bound to prove same. The trial court did not err in refusing Defendant's Instruction No. 10 for the reason that the subject matter of the tendered instruction was amply covered by other instructions. *See Yeary* v. *State* (1971), 257 Ind. 159, 273 N.E.2d 96; *Torrence* v. *State* (1971), 255 Ind. 618, 266 N.E.2d 1.

Subsequent to this appeal being fully briefed Majors filed a *pro se* brief which raises two additional issues. Majors contends that the trial court erred in overruling his motion

to dismiss counsel and that his counsel was ineffective. We are of the opinion that both questions are without merit.

Although the questions are separately stated it is apparent that both are predicated on Majors disagreement on the way certain matters were handled throughout the case. The recent case of *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697, and the authorities cited therein are dispositive of Majors arguments based upon ineffective counsel. Justice Prentice stated:

> There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption. *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421, *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686. "The mere fact that another attorney might have conducted the defense differently is not sufficient to require reversal. 'Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel, unless taken as a whole, the trial was a mockery of justice.'" *Blackburn* v. *State* (1973), *supra* at p. 696, citing *United States* v. *Cariola* (D. New Jersey 1962), 211 Fed. Supp. 423.

Majors relies on certain instances where, as an example, supposedly "damaging" testimony was admitted without objection. An examination of the record fails in any respect to bear out Majors attempt to discredit his counsel.

Majors also asserts that the denial of his motion to dismiss counsel without a hearing is a denial of due process. Since we have not been favored with authority for the argument it shall be waived. Indiana Rules of Procedure, Appellate Rule 8.3(a)(7).

The judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 310 N.E.2d 283.