JOHN M. COOPER AND JAMES DEAN *v.* STATE OF INDIANA.

[No. 2-1174A282. Filed August 26, 1975.]

*Herbert W. Johnson, Jr.,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—The only issue presented for review by this appeal is whether the evidence is sufficient to sustain John M.

Cooper's and James Dean's convictions of second degree burglary.[1]

We affirm.

The facts of this case, viewed most favorably to the State, are as follows:

On the afternoon of September 2, 1974, Cooper and Dean drove to an apartment building at 915-917 N. Pennsylvania in Indianapolis, kicked the back door in and entered the building. Police arrived as they were wheeling a refrigerator out the back door. Fred Lahr testified that the building was owned by his company, the Lahr Realty, Inc.; the refrigerator was owned by him personally; that he had not authorized Cooper or Dean to enter the building; and that he had not sold or attempted to sell the refrigerator.

On appeal, Cooper and Dean challenge the sufficiency of the evidence as to the required intent to commit a felony.

Intent is a mental function, the existence of which may be determined by resort to reasonable inferences based upon an examination of the surrounding circumstances. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E. 2d 724. The fact that the accused commits a felony after the entry is a fact from which felonious intent at the time of entry may be inferred. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227. Here, Cooper and Dean were interrupted while removing a refrigerator from a building shortly after they had made forcible entry.

Cooper contends that the rear door was not forced open, that he was acting under an honest belief in ownership and thus, he was not committing a felony in removing the refrigerator and no felonious intent at the time of entry may be inferred. IC 1971, 35-17-5-7, Ind. Ann. Stat. § 10-3034 provides in part:

"(1) A person does not commit a crime under this act [§§ 10-3028—10-3041] when he acts under an honest claim of right in that:

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

(b) he believes that he is entitled to the property or that he is authorized to dispose of it as he does."

Although an honest claim of right is a valid defense to a charge of theft, Cooper's assertion of this defense improperly assumes the trier of fact was required to believe his testimony that he had purchased the refrigerator earlier that day from a man identified only as Sparky. In determining the sufficiency of the evidence, this court will look only to the evidence most favorable to the State and will not weigh the evidence or determine the credibility of the witnesses. *Farno, supra.* This evidence is that Cooper and Dean drove up to the apartment building, kicked in the office door and when police arrived, were removing a refrigerator owned by Fred Lahr, who had not authorized them to do so. The trial court's conclusion that Cooper was guilty of second degree burglary indicates it did not believe his testimony concerning the transaction with Sparky and that he was not acting under an honest claim of right. *Schmidt* v. *State* (1973), 156 Ind. App. 1, 294 N.E.2d 638. We cannot disturb this assessment of testimony or the conclusion which necessarily follows.

Dean asserts Cooper's honest claim of right argument and also contends he was merely an innocent dupe of Cooper who asked him to help him move a refrigerator he had purchased. As in *Newman* v. *State* (1972), 154 Ind. App. 408, 290 N.E. 2d 133, the trial court did not and was not required to believe the testimony supporting this contention. The evidence viewed most favorably to the State is sufficient to sustain Dean's conviction.

The judgment of the trial court is therefore affirmed.

NOTE.—Reported at 332 N.E.2d 843.