STATE OF MISSOURI at the relation of S. C. EDIE, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND, and NICK T. CAVE, Judges of the Kansas City Court of Appeals.—152 S. W. (2d) 174.

Division One, April 18, 1941.

Rehearing Denied,. June 12, 1941.

*Arthur Miller, Alton Gumbiner, David L. Sheffrey* and *Roscoe C. Van Valkenburgh* for relator; *Miller, Gumbiner, Sheffrey & Van Valkenburgh* of counsel.

*Wm. Bush* for respondents.

HAYS, J.—Certiorari to the Kansas City Court of Appeals to quash its judgment in the case of Edie v. Coleman et al., on the ground that said judgment conflicts with the prior controlling decisions of this court. The case under review was an action of ejectment. It was tried in the circuit court without a jury. From a finding and judgment for defendants, plaintiff appealed to this court. We transferred the cause to the court of appeals because title to real estate was not involved and none of the other constitutional grounds for our jurisdiction were present. The court of appeals affirmed the judgment.

The facts in the ejectment case, as shown by respondents' opinion, are these: Plaintiff is the record owner of a certain lot in Sunset View Addition to Kansas City, Missouri. Defendants own the adjoining property. More than ten years before the commencement of the ejectment action, defendants'.predecessor in title built an addition to the house located on his land which extended over on plaintiff's land (said land was then owned by plaintiff's grantor). Not until a survey was made in 1933 did the owners of either tract know of this encroachment. Defendants' grantor, one Cooper, testified that the placing of part of his house on the plaintiff's land was caused by a mistake; that had he known of the encroachment at the time he would have paid for the value of the land thus occupied. Nor did the defendants know of the encroachment when they purchased from Cooper. The approximate cost of taking down the encroaching wall and rebuilding it on land unquestionably belonging to the defendants would be $1,000. The total value of defendants' real estate, with existing buildings thereon, would be about $3800.

The trial judge made findings of fact, one of which is here material and is quoted by respondents in their opinion. It is as follows:

"That the defendants' grantor, Jack O. Cooper, did not at any time from the year 1909 to the year 1933 claim title to, or ownership of any of the north 12½ feet of lot 37 and the south 22 feet of lot 38, Sunset View, an Addition in Kansas City, Missouri, according to the recorded plat thereof, but did claim title and ownership of said permanent improvements."

The sole question in the ejectment case and that upon which it was decided by respondents is this: Had the defendants and their predecessor in title acquired through adverse possession a right to the portion of plaintiff's land occupied by part of their building? Relator claims that in considering this question at all respondents failed to follow our decision in this case in which ▮▮▮ we ordered a transfer to the Court of Appeals. For, says relator, we then held that title to real estate was not involved. That decision, the relator claims, precluded respondents from considering whether or not defendants had acquired any title by presumption or limitation. Relator misconceives the ground of our decision.

▮▮ In order for us to take jurisdiction of an appeal because title to real estate is involved, the question of title must not only be directly in the case but the very judgment appealed from itself must directly affect the title to the land. An obvious example would be a decree finding title in certain of the parties of the case and quieting it in them. The action of ejectment is a possessory one. This court has repeatedly held, therefore, that a judgment in ejectment affecting only possession has no direct and immediate effect upon the legal title and that we have no jurisdiction of an appeal in an ordinary ejectment action. And we have held that this is true even though one of the parties contends that the other did not have right to possession because he did not have title. [See Ballenger v. Windes, 338 Mo. 1039, 93 S. W. (2d) 882; Gibbany v. Walker, 342 Mo. 156, 113 S. W. (2d) 792; Gentemann v. Dyer (Mo.), 132 S. W. (2d) 1022.] Our order of transfer did not adjudicate any question of title or in fact any question in regard to the merits of the case. If, as here, title is incidentally involved as the basis of the claim to possession of either the plaintiff or defendants, the court of appeals may properly inquire into the matter of title. It did so here.

▮▮▮ Respondents' opinion correctly enumerates the elements which must be shown to establish a title by adverse possession. In so doing respondents quote from and follow our decision in Welsh v. Brown, 339 Mo. 235, l. c. 240, 96 S. W. (2d) 345, l. c. 347, 348. These elements are: (1) that the possession must be hostile; that is, under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous. The burden of proof as to each of these elements is upon the person asserting title through adverse possession.

[Bell v. Barrett (Mo.), 76 S. W. (2d) 394, l. c. 397.] Of these five elements, all but the first are admittedly present in the instant case. The only question before respondents was whether or not the defendants' possession during the statutory period was hostile. More specifically the question may be stated thus: Where one landowner occupies a portion of the land of an adjoining owner in ignorance of the fact that he is so doing and because of the fact that he does not know the location of the boundary line, can his possession be considered as hostile and hence adverse? Respondents held that under the circumstances of the present case the possession was adverse. Relator claims that this holding contravenes certain of our controlling decisions, citing particularly Bell v. Barrett, supra; Courtner v. Putnam, 325 Mo. 924, 30 S. W. (2d) 126; Ware v. Cheek (Mo.), 201 S. W. 847; Foard v. McAnnelly, 215 Mo. 371, 114 S. W. 990; and Schad v. Sharp, 95 Mo. 573, 8 S. W. 549. Of these cases the last and controlling decision is that in Bell v. Barrett, supra. In that case we stated the rule in the following language, l. c. 396:

''In determining the character of the possession, the important factor is, not whether the true line is known or whether there is a mistake as to the boundary, since the location of a fence beyond the true boundary line is usually due to mistake, but it is the intent with which the boundary fence is built and the unequivocal character of the claim made thereafter, which is decisive of the question. It is not necessary that the rights of the true owner be definitely known before an unequivocal claim can be made against his rights. . . . Otherwise a reward would be placed upon dishonesty and conscious wrongdoing because a person, not conscious of wrongdoing, would derive no benefit from long-continued possession, even though he did actually claim all of the land as his own. But, while the claim may be one that is made in an honest, although mistaken, belief in its correctness, nevertheless, it must be one that is in opposition to the record ownership because it must be a hostile claim, one that is in opposition to, and cannot be reconciled with, the rights of the true owner whether they be known or unknown. In short, the determining factor is not what the encroaching owner knew about the true boundary line, but what he intended to unequivocally claim was his boundary line.''

The principle, as stated in all of our prior decisions, may be reduced to this: If the possessor occupies the land in question intending to occupy that particular piece as his own, his occupancy is adverse. It is not necessary that he intend to take away from the true owner something which he knows belongs to another, or even that he be indifferent as to the facts of the legal title. It is the intent to possess, and not the intent to take irrespective of his right, which governs. Possession is a legal concept. It involves two things: a present or, in the case of constructive possession, a past ability to

control the thing possessed plus an intent to exclude others from such control. Or, in the language sometimes used in the cases, to exercise dominion over the object possessed. One may have such an intent in the case of property actually belonging to another, because he intentionally wants to take it away from the owner. But he may also have this intent because he is mistaken as to the facts of legal ownership. Respondents' opinion recognizes this rule as laid down in our prior controlling cases, and holds that the intent to possess can and should be inferred from the fact that improvements of a permanent nature were placed upon the land in controversy. Such a holding is entirely consistent with the evidence in this case and in no wise contradicts our prior controlling decisions.

It is true that in the case of Bell v. Barrett, supra, we held that there was insufficient evidence in that record to sustain a finding of adverse possession, but the facts were wholly different from those in the case at bar. There were no permanent improvements placed upon the land in controversy in the Bell case, and the evidence was clear that the person claiming adverse possession had occupied the land in question, knowing that there was a dispute in title and intending to make the final boundary line the one which would ultimately be determined by a correct survey. His occupancy was, therefore, provisional and contingent. There is nothing in the testimony in the case at bar from which such a mental attitude on the part of defendants or their grantor can be inferred.

Relator also contends that respondents' opinion is opposed to our prior controlling decisions in that it substitutes a finding by the respondents as to the facts of the case for the formal finding made by the trial judge. This, of course, was an action at law and not a suit in equity. We have repeatedly held that a finding of fact made by the trial judge in such an action has the weight and effect of a jury verdict and is conclusive upon an appellate court, if it be sustained by substantial credible evidence. [Bloch v. Kinder, 338 Mo. 1099, 93 S. W. (2d) 932; Grange v. Railway Co., 334 Mo. 1040, 69 S. W. (2d) 955; Vitale v. Duerbeck, 332 Mo. 1184, 62 S. W. (2d) 559; Cluck v. Abe, 328 Mo. 81, 40 S. W. (2d) 558; Idalia Realty & Development Co. v. Norman's Southeastern Ry. Co. (Mo.), 219 S. W. 923; Ware v. Cheek, supra.]

Relator contends that the finding of fact made by the trial judge and quoted above was a definite finding that defendants' grantor did not intend to occupy the particular land here in controversy, or did not claim title thereto or ownership therein, and that on the basis of such finding his possession could not be said to be adverse. Respondents did not so interpret the finding of the trial judge and, we think, their interpretation is correct. It is the only interpretation of the finding which makes it consistent with his general finding of the issues for the defendants and against the plaintiff. He did find that de-

fendants and their predecessor in title at all times definitely claimed to own the building which encroached on plaintiff's land. It would be unreasonable under the circumstances of this case to assume that the trial court meant by this finding that defendants intended to claim the building but not the land on which it rested. In a case in which a simple residence property is involved and where there is no question of lease, it is hard to imagine the mental condition of an owner who claims to own the building but not the land it rests upon. What the trial judge's finding really means, when construed in the light of common sense, is that defendants and Cooper claimed to own the particular small strip of land on which the wall of their building rested, but did not believe that the land was part of the north 12½ feet of lot 37 and the south 22 feet of lot 38 in the Addition. Such a mental state on the part of the alleged adverse possessor is sufficient to make his possessory claim hostile and adverse under the rule announced in our decisions above cited. As so construed, the finding of the trial court is entirely consistent with his general verdict in favor of the defendants, and, in so construing his finding, respondents did not substitute their own judgment upon the evidence for that of the trial judge. Their opinion does not conflict in this regard with our cases last above cited.

We, therefore, find that no conflict exists and that our writ of certiorari herein was improvidently issued and should be quashed. It is so ordered. All concur.