JOHN J. WHITE, MATHILDA WHITE, his wife, Appellants, v. ST. LOUIS POST OFFICES CORPORATION, a Corporation.—156 S. W. (2d) 695.

Division One, December 12, 1941.

*Johnson & McNatt* for appellant.

*D. Calhoun Jones* for respondent.

██ DALTON, C.—Action for $5,000 actual and $5,000 punitive damages for wrongful, malicious and continuous trespass on real estate. By a cross action defendant alleged that it was the absolute owner of an easement over that part of plaintiffs' described real estate which was occupied by a certain platform, canopy, iron grate and two coal chutes, and it prayed an adjudication of defendant's rights. Both causes of action were submitted to the court in one hearing and the court found for defendant on each cause. Plaintiffs have appealed. For convenience we shall continue to refer to the parties as plaintiffs and defendant.

Plaintiffs and defendant are the owners of adjoining tracts of real estate abutting on Enright avenue in University City, St. Louis County. Each tract is 30 feet wide and 100 feet deep, extending to an alley. Plaintiffs' tract is described as the *east* 30 feet of lot 2 in block F in Delmar Garden subdivision. Plaintiffs' one story brick building, containing an east and west store, covers the south (front) 60 feet of plaintiffs' lot. Defendant's tract is described as the *west* 30 feet of said lot 2 and is entirely covered by a one story brick building. The Audrey Realty Company is the common source of title. When it conveyed the property, now owned by plaintiffs, the deed, dated October 14, 1925, contained the following reservations: "The north 40 feet of the above property having a width on the alley from east to west of 30 feet shall be subject to a perpetual easement as a ██ passageway to rear or side doors, and as a driveway for trucks and vehicles for the joint use and benefit of the present and future owners, lessees and tenants occupying any part of said lot 2, and it is agreed that neither the grantee herein nor his heirs or assigns shall ever obstruct said easement, so as to prevent access to the west 30 feet of said lot 2 nor build any fence across said easement or any building thereon."

The platform, canopy, iron grate and coal chutes referred to in the cross action occupy space within the area subject to the easement reserved, supra. They extend out from the east side of defendant's building and encroach upon plaintiffs' property.

Plaintiffs acquired their property in November, 1925. Plaintiff, John J. White, inspected the property prior to purchasing it and he saw no platform, canopy or coal chutes on the areaway in the rear of the building. The areaway was then being paved with concrete. The building on defendant's premises had been constructed, but it was unoccupied at the time. There was a coal chute on the alley side of defendant's building. Plaintiffs made no inspection of the property from the time it was purchased in 1925, until late in 1936 when they discovered the presence of the platform, canopy, iron grating and coal chutes in the areaway. In the meantime everything was left to agents and they didn't advise plaintiffs of these encroachments on the premises. Plaintiff, John J. White, testified: "I would say the first

time I discovered the platform and canopy . . . was about the latter part of 1936. . . . The day I was out there I observed there were four or five trucks in the back of my premises. They were mail trucks or cars. The University City branch of the St. Louis Post Office occupied the building west of mine." Plaintiffs had other evidence which tended to show that the encroachments, supra, were not in existence at the time they purchased the property, but plaintiffs offered no evidence to show when the encroachments were actually constructed, or by whom. The encroachments depreciated the rental value of plaintiffs' property $20 per month because they interfered with access to the rear door of plaintiffs' west store.

It was admitted that defendant purchased its property from the Audrey Realty Company in October, 1927, but whether the deed contained any specific grant of the easement which had been reserved over plaintiffs' property or whether it contained any reference to the encroachments does not appear. The deed was not offered in evidence.

No officer, agent or employee of defendant testified at the trial, but defendant's witness Arthur G. Lane, assistant superintendent of mails in the University City branch of the St. Louis post office, testified that the building now owned by defendant was started about October, 1924, and was completed and occupied by the post office department on February 8, 1925; that the outside of the building (with reference to all encroachments upon what is now plaintiffs' property) was in exactly the same condition from February 8, 1925, to July 12, 1939 (the date of the trial). The witness said that the plans for the building were dated September 15, 1924, and were prepared with reference to access to and use of the areaway on the property now owned by plaintiffs; that a representative of the Audrey Realty Company advised them (apparently the post office department) that he would arrange for it and that they could use the north 30 feet of the adjoining property; that the lease from the then owner to the post office department showed the department's right to use the areaway; that, if it had not, the lease would not have been accepted; and that the post office department was using the areaway and the platform, canopy, coal holes and grating by reason of the easement granted to them in their lease. He said the entire 60 feet (both the east and west parts of lot 2) was owned by the same party (Audrey Realty Company) when the lease was made. The lease was not in evidence and its duration was not shown, but apparently it was still in effect at the time of the trial. The oral evidence with reference to the lease and its terms was received without objection.

Plaintiffs contend the judgment should have been for them under all the evidence, since defendant "breached and exceeded its rights and privileges by increasing the servitude of the record easement, to the detriment and damage of appellants." Plaintiffs further contend that the court erred in finding for defendant on the cross action (1)

because defendant failed to sustain the burden of proof to establish adverse possession; and (2) because adverse possession could not, as a matter of law, result from the facts shown in the record since defendant's rights were ''subordinate ▮▮ to and based on the easement of record and remained so in the absence of actual notice to the appellants (plaintiffs) of respondent's (defendant's) adverse claim.''

▮▮ In considering the appeal, it becomes necessary to determine whether the cause was one at law or in equity. Plaintiffs' action, being one for damages, was clearly at law. Defendant called its pleading an answer and cross bill. It asked a *decree* establishing a perpetual easement over certain described real estate of plaintiffs and for ''such further orders and relief as to the court may seem mete and proper.'' The basis of defendant's ownership of the easement was the alleged ''constant, open, notorious, continuous and adverse possession of the platform, canopy, iron grate and coal chutes . . . for a period of more than twelve years before the filing of the petition.'' The reservation of the easement, supra, as contained in the deed to plaintiffs' predecessor in title was set out, but no affirmative equitable relief was asked with reference thereto, nor with reference to defendant's claim of an easement by adverse possession. No cause of action of equitable cognizance was pleaded by the defendant. Not only was no specific affirmative equitable relief requested by defendant, but none was authorized upon the basis of the facts stated in the cross action. The pleading, after denying the allegations of the petition, merely alleged the ownership by adverse possession of ''an absolute easement over and on such part of plaintiffs' ground as is occupied by said platform, canopy, iron grate and coal chutes.'' Defendant then attempted to specifically describe the premises so occupied, but the description is quite indefinite and so was the proof as to the location of the encroachments. Defendant asked a determination of its right to a perpetual easement over the real estate attempted to be specifically described.

The bill of exceptions purports to show that the cause was tried to the ''court, sitting in chancery.'' The record shows that no findings of fact were made and no declarations of law were given or requested. The court found that plaintiffs' described real estate (some courses and distances are apparently omitted from the description) was impressed with ''a perpetual easement on, in, to, and over the land upon which said platform and canopy, iron grate and coal chutes, lie.''

The record shows no objection by anyone to a trial by the court, but plaintiffs in their motion for a new trial complained that the court erred in depriving plaintiffs of a trial by jury in violation of their constitutional rights and that the court erred in determining the issues in equity instead of at law ''because upon the basis of the pleadings the defendant was not entitled to any affirmative relief.'' No assignment of error is based thereon.

In their brief, plaintiffs (appellants) say "the cross bill was construed to convert the cause from one in law to equity, and was so treated." Defendant (respondent) refers to "the findings of the chancellor" as correct, but cites cases dealing with actions at law, holding that a judgment entered on trial by the court and supported by substantial evidence will not be disturbed. Defendant further contends that it was "for the trier of the facts to determine whether or not a case of adverse possession has been made out."

We think the action was one at law. The petition and cross action each stated a cause of action at law. The answer to the petition, and the reply to the cross action, were general denials. No affirmative equitable defense to plaintiffs' cause of action was pleaded by defendant. There was no basis on the facts stated in the cross action for any equity jurisdiction. Both parties sought only the establishment of legal rights, to-wit, plaintiffs sought to establish their right to damages against defendant and defendant sought to establish its ownership of an easement over plaintiffs' real estate. The cross action was nothing more nor less than an action to determine defendant's title or interest in and to the described real estate based on adverse possession. It was clearly an action at law. [Richards v. Earls, 345 Mo. 260, 133 S. W. (2d) 381, 384, and cases there cited.] The actions being at law, if the findings of the court were based upon substantial evidence they are conclusive and binding on us on this appeal. Whether or not the findings were so supported is determinative of this appeal.

The allegations of plaintiffs' amended petition with reference to the wrongful and malicious trespasses by defendant were as follows: "That on or about the 24th day of February, 1937, the defendant by his agents, officers and servants, acting within the line of his employment did willfully and maliciously and by force and violence enter upon the property aforesaid and thereafter did repeatedly and continually upon various occasions between that date and the 8th day of July, 1937, the exact dates and times not being known to plaintiff, enter upon said premises with their servants, employees, trucks, automobiles, wagons and teams and did repeatedly and continually deprive plaintiffs, their tenants and employees of the use of said premises by erecting upon said premises a platform, canopy, iron grate and two coal chutes, used by the defendant, its tenants, servants and employees in such a manner as to block access by the plaintiffs, their tenants, servants and employees, to the rear of the building erected on the premises heretofore described, and did by force and threats drive plaintiffs, their tenants, servants and employees from said premises all to the damage of plaintiffs in their possession of the property aforesaid, and to their freehold title thereto."

The trial court found the issues on plaintiffs' cause of action in favor of the defendant and that finding must be affirmed. The evidence wholly failed to establish the allegations of the amended peti-

tion. No trespasses by "the defendant, its agents, officers and servants" were shown by the evidence. There was no evidence that defendant had anything whatever to do with the construction or maintenance of the platform, canopy, iron grate, or coal chutes, or that defendant authorized their use by the present tenant or lessee of the building. There was no evidence that *defendant* "breached and exceeded its rights and privileges by increasing the servitude of the record easement, to the detriment and damage of appellants." Since the evidence was insufficient to have sustained a finding for plaintiffs, the court did not err in finding for defendant upon plaintiffs' claim.

We now consider defendant's claim. Considered most favorably to defendant, we think the evidence in support of defendant's cross action tended to show that while the Audrey Realty Company was the owner of all of said lot 2, a building was constructed upon the *west* 30 feet (west ½) of said lot; that the building covered the entire *west* 30 feet of said lot; that a platform, canopy, coal chutes and grating constructed on the east side of said building, encroached upon and extended out into and upon the areaway in the rear of the building located on the *east* 30 feet (east ½) of said lot; that the Audrey Realty Company in February 1925 leased the building on the *west* 30 feet of lot 2 to the post office department; that the lease contract contained a provision authorizing the lessee to use the "north 30 (40) feet" of the adjoining tract, then owned by the lessor; that the lessee (tenant in possession) has since said date been using the areaway, platform, canopy, coal holes and grating with the understanding that such was authorized by its lease from the Audrey Realty Company; that, subsequent to the execution of said lease and after the post office department was in possession of the building on the *west* half of the lot and was using the platform, et cetera, upon the east half of the lot, the Audrey Realty Company in November, 1925, sold the *east* half of said lot to plaintiffs' predecessor in title, reserving the easement, supra, as particularly set out in the deed; and that thereafter the Audrey Realty Company, in October, 1927, sold the *west* half of said lot to defendant.

There was no evidence that defendant, or any of its officers, agents, or employees ever knew, prior to the institution of this suit, that the platform, canopy, coal holes and grating on the east side of the building encroached upon plaintiffs' lot, nor is there any evidence that any employees of the post office department were using the platform, coal holes and grating by any authority granted by defendant, or even with the knowledge of defendant's officers or agents. There was no evidence to indicate that defendant, its officers, agents or employees had ever claimed to be the owner of any part of plaintiffs' property or of anything located thereon, or had used or authorized, under a claim of right or ownership, the use of that part of it which was occupied by the platform, canopy, iron grate and coal chutes. The

record is void of any evidence to support defendant's claim to ownership by adverse possession of any easement for the platform, canopy, iron grate and coal chutes.

No relationship between defendant and the post office department (the lessee) is shown, except such as could be inferred from the fact that defendant purchased a building which was occupied by the post office department under a lease; and that twelve years later the post office department was still occupying the building and was using the encroachments, supra, by authority of said lease. The post office department's use of the area, platform, canopy, iron grate and coal chutes was based upon the authority of a lease executed by the true owner of the entire lot, and the lease antedated defendant's deed to the west ½ of the lot. Such use by the lessee was in recognition of the true owner's title and right. The tenant's possession was not adverse to the landlord and there was no trespass when the use started. The use was not adverse and, under the circumstances shown by the record, defendant may not rely thereon in aid of its claim. If defendant's own witness was correct, the lease covered more than was subsequently deeded to the defendant, and the so-called encroachment resulted solely from the way the lot was divided and sold. No acts by defendant are shown, which could be said to evidence any intent to claim adversely to anyone or to claim title or ownership of plaintiffs' lot or of any easement for the said extensions or encroachments. In fact the record fails to show that either party to this appeal knew of the *existence* of the platform, canopy, iron grating or two coal chutes, or claimed any particular division line between their properties prior to 1936. The mere fact that the platform, canopy, iron grating and two coal chutes may have encroached without authority upon the adjoining property for twelve years was wholly insufficient under the evidence in the case to show adverse possession by defendant. [State ex rel. Edie v. Shain, 348 Mo. 119, 152 S. W. (2d) 174, 176; Tillman v. Hutcherson, 348 Mo. 473, 154 S. W. (2d) 104, 106; Hilgert v. Werner, 346 Mo. 1171, 145 S. W. (2d) 359, 361.] The burden of proof was upon defendant as to all of the elements entering into adverse possession, such as length of time, continuity, openness, and possession under claim of ownership. [Bell v. Barrett (Mo.), 76 S. W. (2d) 394, 397.] Defendant failed to prove either possession or possession and use under claim of ownership. The finding of the court in favor of defendant on the cross action, not being supported by substantial evidence, cannot stand.

The judgment is affirmed as to the finding for defendant on the plaintiffs' cause of action for damages and the cause remanded with directions to hold the finding in abeyance pending a determination of the cause of action stated in the cross action. The judgment and finding against plaintiffs and in favor of defendant on the cross action

970

is reversed and the cause remanded for a new trial. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.