TUGGLE *v*. STATE OF INDIANA.

[No. 169S1. Filed December 9, 1969.]

W. T. *Robinette,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John B. Ramming,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant was charged and tried for first degree burglary pursuant to an indictment returned by the grand jury of Marion County, Indiana, and filed in the Marion Criminal Court, Division One. Trial was had by jury and the appellant was found guilty and sentenced to imprisonment in the Indiana State Prison for not less than one (1) year nor more than ten (10) years under the lesser includable offense of entry with intent to commit a felony. The indictment reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Tommie Tuggle on or about the 23rd day of October, A.D. 1967, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the dwelling house and place of human habitation of Pauline Mann, then and there situated at 3148 Indianapolis Avenue, in the City of Indianapolis, County of Marion, State of Indiana, in which said dwelling house the said PAULINE MANN then lived, with intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of the said PAULINE MANN and to deprive the said PAULINE MANN permanently of the use and benefit of said property, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statutes under which appellant was convicted are: Ind. Ann. Stat. § 10-704.

"Entering to commit a felony—Penalty—Whoever enters any dwelling-house, or other place of human habitation, . . . with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one [1] year nor more than ten [10] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

and § 10-3030

"Theft in general.—A person commits theft when he
(1) knowingly:
    (a) obtains or exerts unauthorized control over property of the owner; or . . .
(2) either:
    (a) intends to deprive the owner permanently of the use or benefit of the property; . . ."

The sole issue presented to this court by this appeal is one involving the sufficiency of the evidence to sustain the verdict.

The three elements essential to a conviction for "Entering to commit a felony" under the above set out statute are as follows:

(1) entry,

(2) into the dwelling house and place of human habitation,

(3) with the intent to commit a felony therein.

If there is substantial evidence of probative value sufficient to establish each element of the crime beyond a reasonable doubt, we must affirm the trial court. *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739. *King* v. *State* (1968), 249 Ind. 699, 243 N. E. 2d 465. *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246.

Since appellant admits elements nos. 1 and 2, we will limit our examination to determining the sufficiency of the evidence going to the proof of element no. 3. And in so doing, we will only consider the evidence and all logical and reasonable inferences to be drawn therefrom which is favorable to the state. *Carter* v. *State* (1968), 250 Ind. 50, 234 N. E. 2d 850. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727.

On direct examination, Bonita Marie Mann, who was the first to arrive home on the day of the alleged crime, testified to the following: the front door of the house was locked so she got out her key, opened the door, and was going into the living room. As she did a man in the house was coming towards her and she backed out. She asked him who he was and what he was doing in her house. At the same time she walked down to the sidewalk where her mother was pulling up from work. As she went back down to the sidewalk, she observed appellant go back into the house, and come out again sometime after her mother went to the door. She was present when appellant was arrested and searched. She observed the items taken off the appellant's person by the police officer. She told a jury that she saw a black leather beanie hat that belonged to her sister and an old watch that belonged to her mother, and a knife that belonged to her mother which the latter used to use at work.

Also called as a witness by the state was Pauline Mann, mother of Bonita Mann, and owner of the house. Her testimony may be summarized as follows: on the day in question, she came home from work at approximately 3:30 in the afternoon. When she drove up in front of her house, two girls, Andrea Williams and her oldest girl Bonita, were running away from the door down the steps. She said they were running from appellant who was walking out onto the porch. She asked him how he got in her house. She told one of the girls to call the police and kept talking to appellant "so the police would get there." After a brief conversation with appellant in which he told her that he was there at her request for the purpose of burning trash, appellant walked away and Mrs. Mann proceeded into the house. She walked into her dining room and saw "a breakfront sitting there, it has a drawer and this drawer was sitting on the floor and then I saw where it had been broke into, where it had been chipped all around." She said she then ran back to the door and said "what are you doing tearing up my furniture like that . . ." When the police officer arrived Mrs. Mann and Bonita got into his car and proceeded to look for appellant. She stated that the officer arrived within fifteen (15) minutes of their call. When they found appellant the officer got out of the car, and searched him. Mrs. Mann stated that she observed the search. She saw the officer remove a watch which belonged to her, a portable radio belonging to her daughter, a knife she used in welding in her job at R.C.A., and a leather cap belonging to her daughter which had paint on it. He was wearing the hat on his head at the time. Appellant was located approximately two blocks from the Mann house when he was found.

From the above evidence together with all the reasonable inferences deducible therefrom, we believe that the state has proved beyond a reasonable doubt that appellant intended to commit a felony when he entered the home of Mrs. Mann. Said intention may reasonably be inferred from the fact that he actually did commit a felony, to-wit: theft. Under the

theft statute, § 10-3030, *supra,* the state was required to prove that appellant had (1) knowingly obtained or exerted unauthorized control over the property of the owner, (2) with the intent to deprive the owner permanently of the use or benefit of said property. According to Ind. Ann. Stat. § 10-3040 (10), exertion of unauthorized control over property may be shown by unauthorized possession of the property. The state has presented substantial evidence of probative value showing that appellant had certain property of the owner without authority in his possession.

That he intended to permanently deprive Mrs. Mann of the use or benefit of said property may reasonably be inferred from the fact of unauthorized possession and the totality of the circumstances surrounding the events in this case. It is well established that the issue of intent is for the jury to determine. *Davis* v. *State* (1968), 250 Ind. 54, 239 N. E. 2d 601. *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N. E. 2d 703. A finding of intent can be made by the jury based on the surrounding circumstances of the case, especially where, as in the case at bar, the appellant was seen in or leaving the premises and property from the premises was later found on his person. *Davis* v. *State, supra. Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179.

Based on the above, we conclude as a matter of law that the state proved beyond a reasonable doubt that appellant entered the dwelling house of Mrs. Mann with the intent to commit a felony therein. Therefore we hold that the verdict of the trial court should be affirmed.

Judgment affirmed.

DeBruler, C.J., Arterburn and Givan, JJ., concur; Jackson, J., dissents.

NOTE.—Reported in 252 N. E. 2d 796.