WALTER HOPKINS *v.* STATE OF INDIANA.

[No. 1-772A34. Filed February 7, 1973.]

*Joseph B. Barker, Kagan and Barker, of* Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Hopkins) was charged by affidavit with Theft, tried by court, found guilty and sentenced to the Department of Corrections for not less than one nor more than five years.

Hopkins' Motion to Correct Errors was overruled and he appeals. The sole issue is whether the evidence was sufficient to prove the necessary elements of the crime of Theft.

The evidence most favorable to the State revealed that on January 29, 1972, Morgan County Deputy Sheriff, Randy Hughey, saw the defendant looking under the raised hood of an automobile which had been left along State Road 67 several days earlier and which was owned by one Terry Beliles. When Hughey approached, Hopkins closed the hood of the car, reopened it, and Hughey discovered that the battery cables had been disengaged from the battery terminals. The battery, itself, was still in its proper position.

When questioned, Hopkins told Deputy Hughey that his own car had stalled several hundred feet up the road and that the owner of the abandoned car had given his permission to borrow the battery to start Hopkins' own car. At trial, owner Beliles testified that he had *not* given his permission for the defendant to borrow his battery, and for that matter, was not even acquainted with Hopkins.

The State maintains that the evidence was sufficient to sustain Hopkins' conviction of Theft, arguing that he assumed control of the battery when he unfastened the cables. The State contends that once the cables were loose, the battery was in the possession and control of the defendant.

Hopkins maintains that there is no evidence whatsoever that he disconnected the battery cables. He further argues that the car had been abandoned along the road several days prior to this incident and that there were no tools found on Hopkins or around the vehicle which could have been used in removing the cables. Under this set of facts Hopkins concludes that the requisite element of control was not proven.

This appeal turns upon the sufficiency of proof of defendant's control over the property in question. Our Theft Statute, IC (1971), 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns Supp. 1972), provides in part:

"A person commits theft when he (1) knowingly:
    (a) obtains or exerts unauthorized control over property of the owner;
* * *
and (2) either:
    (a) intends to deprive the owner of the use or benefit of the property."

In *Williams* v. *State* (1969), 253 Ind. 316, 253 N.E.2d 242, our Supreme Court discussed possession and control, stating that these terms are not precisely synonymous, but that possession means having the property under one's control or dominion. The court defined the word "control" as meaning "the power or authority to manage, superintend, restrict, regulate, direct, govern, administer or oversee."

The State bases its argument that Hopkins had control of the battery upon the assumption that he unfastened the battery cables. There is no direct evidence to this effect in the record. In fact the absence of tools in the vicinity negates the inference that Hopkins loosened the cables.

It could be argued that Hopkins possessed the *intent* to steal the battery. But intent alone does not convict a defendant unless it is coupled with a criminal act. Until a defendant wrongfully assumes "control" of another's property, the crime of theft is incomplete.

Mere opportunity to commit an offense, is likewise not sufficient to convict. *Dudley; Chenoweth* v. *State* (1960), 241 Ind. 201, 165 N.E.2d 380.

It is also apparent from the record that even the trial judge must have also entertained a substantial doubt as to the defendant's guilt of the offense charged.

The transcript shows that immediately after the defense rested, the court called Hopkins to the bench. After chiding him about several other pending cases, the judge delivered the following statement into the record:

BY COURT:
> I am talking now Mr. Hopkins—you have had your turn —you have talked and talked and talked and made excuses and everything else and now it is my turn—I try to keep my word and I told you what I would do if you didn't do it—and you have had your chance and you didn't do it—so now I am going—*I don't know whether you were intending to steal the battery out here this day or not but it is a moot question*—even if that charge had not been pending I would do the same thing I am going to do now anyway, because you haven't done what you told me you were going to do—*the only thing that distrubs (sic) me about the battery charge is how you got the battery disconnected—and maybe that is possible without tools I don't know—but that is strickly (sic) beside the point*—we are talking now about the previous thefts— and you have either pled guilty or indicated that you wanted to plead guilty and your efforts and excuses and your dilly dallying delays since August of last year and here we are in February show that you need some additional education and I feel that the Indiana Youth Center will give you some education that you need and I have no alternative but to commit you to the Indiana Youth Center—" (Emphasis supplied.)

It would appear from the above that Hopkins' "guilt" was of a cumulative nature, resulting primarily from his prior unsatisfactory journeys through the halls of the Morgan Superior Court.

We hold that Hopkins had neither possession nor control of the battery in the legal sense and that this necessary element of the crime of theft was not proven beyond a reasonable doubt.

Judgment reversed.

Robertson, P.J. and Lowdermilk, J., concur.