JOE LEE WINSTON *v.* STATE OF INDIANA.

[No. 2-1074A237. Filed April 30, 1975.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

HOFFMAN, J.—On January 11, 1974, defendant-appellant Joe Lee Winston was charged by information with the crime of theft as defined in IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974), which provides, in pertinent part, as follows:

"A person commits theft when he (1) knowingly:

"(a)   obtains or exerts unauthorized control over property of the owner;

\*   \*   \*

"(2)   either:

"(a)   intends to deprive the owner of the use or benefit of the property; \* \* \*."

Following trial to the court, Winston was found guilty of theft of property of less than $100 in value, see IC 1971, 35-17-5-12, Ind. Ann. Stat. § 10-3039 (Burns Supp. 1974), sentenced to imprisonment in the Indiana State Prison for 364 days, and assessed $41 in costs. Thereafter, his motion to correct errors was overruled and the present appeal was perfected.

The sole issue presented on review is whether appellant's conviction of theft is supported by sufficient evidence.

It should be pointed out that when questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt beyond a reasonable doubt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. A

conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons, whether they be the jury or, as in the present case the trial court, could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

An examination of the evidence most favorable to the State reveals that at approximately 9:00 P.M. on January 10, 1974, appellant-Winston, together with one James Earl Thompson and a man by the name of Lewis were present at the apartment of one Brooks Rogers in the City of Indianapolis, Indiana. At such time, a discussion took place during which Lewis mentioned that he wanted copper. Testimony revealed that Lewis would "[s]ell it and take it to the junkyard." Appellant, who was then employed by Kelly Plumbing Corporation, stated that he knew where he could obtain some copper. Subsequently, Thompson, Rogers and appellant departed in Rogers' automobile, a 1965 Buick. The Rogers' vehicle thereafter made a stop at a liquor store and Rogers entered to purchase "a drink." Upon his return, he observed that his automobile was no longer present and learned that Thompson "had gone to take Joe [appellant] where he work at." Later, Rogers requested a friend to transport him "up there" in order to regain his automobile.

After leaving Rogers at the liquor store, Thompson and appellant proceeded to an establishment known to them as the "Cave Inn" which was located in close proximity to an apartment complex then under construction by Kelly Plumbing Corporation. Thompson parked Rogers' automobile at the side of an apartment building and the two men proceeded into the "Cave Inn" where they remained for about four hours.

At approximately 2:00 A.M., Special Deputy Sheriff James E. Logston was making a routine security patrol when he observed, in recently fallen snow, fresh tire tracks leading

into the apartment construction site. Upon further investigation, the deputy found the Rogers' vehicle parked in a driveway "in the middle of the construction area" and observed "fresh footprints going around the various doors to the apartment units under construction." He also noticed footprints "going from the apartments back to the car and from the trailor [sic] to the car." Thompson and appellant were present at the vehicle, together with Rogers who had successfully completed a search for his automobile. Deputy Logston testified that the rear seat of the vehicle "was full of copper fitting, copper tubing", and that "various instruments—saws, a drill", were recovered from the trunk.

State's Exhibit No. 2, a photograph of an electric saw which was taken from the trunk of the Rogers' vehicle, was later introduced into evidence. Richard A. Nierste, plumbing superintendent for the corporation, identified the saw as the property of Kelly Plumbing Corporation, and further testified that the saw "should have been locked in our job-site trailor [sic]."

In the case at bar, the State had the burden of proving beyond a reasonable doubt that appellant 1) knowingly 2) obtained or exerted control over the electric saw 3) without authorization of Kelly Plumbing Corporation 4) with intent to deprive the owner permanently of the use or benefit of the property.

As to the question of whether appellant has been shown to have knowingly obtained or exerted control over the electric saw, we refer to IC 1971, 35-17-5-13, Ind. Ann. Stat. § 10-3040 (Burns Supp. 1974), which provides, in pertinent part, as follows:

"(10) 'Obtains or exerts control over property' includes but is not limited to the taking, carrying, driving or leading away, concealment, or the sale, conveyance, encumbrance, transfer of title to or interest in, or possession of property, or the securing or extending a right to retain that to which another is entitled."

Further, in *Williams* v. *State* (1969), 253 Ind. 316, at 321-322, 253 N.E.2d 242, at 245-246, our Supreme Court stated:

"The terms *control* and *possession* are not precisely synonymous although they do have common elements in their meanings. Webster's International Dictionary gives the legal definition of possession as 'one who has physical control of the things and holds it for himself.' All the definitions contained in recognized law dictionaries indicate that the element of custody and control is involved in the term possession. *State* v. *Virdure* (1963), 371 S.W.2d 196. Possession of a thing means having it under one's control or under one's dominion. *U.S.* v. *Malfi* (1959), 264 F.2d 147. A person who is in possession of a chattel is one who has physical control with the intent to exercise such control on his own behalf. *New England Box Co.* v. *C & R* (1943), 313 Mass. 696, 49 N.E.2d 121. Possession involves a present or, in case of constructive possession, a past ability to control the thing possessed plus an intent to exclude others from such control. *State ex rel. Edie* v. *Shain* (1941), 348 Mo. 119, 152 S.W.2d 174. For additional definitions of the word *possession* see, 72 C.J.S., p. 233; also see 'Possession' (control, care or custody), 33 Words and Phrases, p. 80; and 'Custody' (charge control or possession) 10A Words and Phrases, p. 500.

"By contrast the word *control* means the power or authority to manage, superintend, restrict, regulate, direct, govern, administer or oversee. Black's Law Dictionary, Fourth Edition. It is the power or authority to manage . . . restrict. *State* v. *First State Bank of Jud* (1924), 52 N.D. 231, 202 N.W. 391.

" 'Ordinarily control means . . . power or authority to check or restrain; regulating power; restraining or directing influence . . . *so to it may imply, or not imply possession, depending on the circumstances* . . .' 18 C.J.S., p. 28. (our emphasis)

"See also the varying definitions of 'Control' in 9A Words and Phrases, p. 4 and following.

"Our conclusion based on a meticulous examination of the meanings of these two words is this: *that to prove control over a chattel or over other property, one does not need in all cases to show conduct which amounts to possession.* Although control is a necessary element in proving possession, the converse is not true. Our analysis is supported by the wording of the statute [§ 10-3040, *supra*] which states that the definition of 'exert control over property' includes *but is not limited* to possession." (Emphasis supplied in part.)

In the case at bar, the saw was recovered from the trunk of the Rogers' automobile. There was no evidence that appellant actually had physical possession of the saw; however, inferences to be drawn from circumstantial evidence support the conclusion that appellant exerted control over the property in that he possessed "the power or authority to manage, superintend, restrict, regulate, direct, govern, administer, or oversee." *Ibid* at 321-322 of 253 Ind., at 246 of 253 N.E.2d.

In the case of *Hubble* v. *State* (1973), 157 Ind. App. 684, 301 N.E.2d 396, the evidence most favorable to the State disclosed that a police officer who was employed part-time at the G. C. Murphy Company store in Indianapolis had been informed by a saleswoman that a theft had taken place on the premises. The saleswoman reported that the crime had been committed by a male Negro wearing a multi-colored red shirt and dark pants who had entered a black 1966 Chevrolet. Thereafter, police officers stopped an automobile which contained two occupants. Two adding machines bearing G. C. Murphy price tags were recovered from the rear seat. Appellant-Hubble was seated on the passenger side of the automobile and was wearing a multi-colored red shirt and dark pants. The occupants of the automobile were later taken back to the G. C. Murphy store; but the saleswoman refused to identify either appellant or the automobile.

We stated that the hearsay testimony of the officer which was based upon what the saleswoman at the store had told him prior to Hubble's arrest was not evidence of appellant's guilt but was admitted for the sole purpose of proving the *corpus delicti*. There was no evidence connecting the appellant with the *corpus delicti*. The State failed to establish that the adding machines found on the rear seat of the automobile were stolen property. And, the State failed to prove the necessary element of control. *See: Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606; *Hopkins* v. *State* (1973), 155 Ind. App. 195, 291 N.E.2d 914; *Holtel* v. *State* (1972), 155 Ind. App. 1,

290 N.E.2d 775. Disregarding the hearsay testimony of the police officer in *Hubble* the evidence demonstrated only that the appellant was a passenger in an automobile containing two adding machines, and at the time of his apprehension was wearing a red multi-colored shirt and dark pants.

In the present case, appellant-Winston was likewise present in the immediate vicinity of the copper tubing and saw which were found in the Rogers' automobile. However, evidence also disclosed that he had previously stated that he knew where he could obtain some copper; that he and a companion shortly thereafter proceeded to an establishment located adjacent to the apartment construction site at which he was employed; and that he was apprehended at the Rogers' automobile "in the middle of the construction area." It thus may reasonably be inferred that appellant possessed the requisite control over the saw with knowledge of "the nature or attendant circumstances of his conduct." IC 1971, 35-17-5-13, Ind. Ann. Stat. § 10-3040(8) (Burns Supp. 1974). See: *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833; *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173; *Pierce* v. *State* (1974), 161 Ind. App. 217, 315 N.E.2d 376.

The testimony of Richard A. Nierste, the plumbing superintendent for Kelly Plumbing Corporation, established that the saw in question was the property of the corporation and that appellant's control over the equipment was unauthorized.

Appellant's intent to deprive Kelly Plumbing Corporation permanently of the use or benefit of the property may be inferred from his unauthorized control over the saw, together with the location of the saw in the trunk of the automobile. See: *Capps* v. *State, supra; Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796.

It must be concluded that appellant's conviction of the crime of theft is supported by sufficient evidence.

Affirmed.

Staton, P.J., concurs in result; Garrard, J., concurs with opinion.

CONCURRING OPINION

GARRARD, J.—I concur with the majority that Winston's conviction be affirmed.

However, I do not believe it necessary to establish Winston's personal control over the electric saw in question.

IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1974 Supp.) provides that every person who aids or abets in the commission of a felony may be charged and convicted in the same manner as if he were a principal, and upon conviction he shall suffer the same punishment as prescribed for the punishment of the principal.

This statute permits the accessory to be charged as a principal. *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N.E.2d 219.

The evidence was ample to sustain Winston's guilt as an accessory before the fact. *Cotton* v. *State* (1965), 247 Ind. 56, 211 N.E.2d 158, 212 N.E.2d 159.

NOTE.—Reported at 326 N.E.2d 592.