### Irene Hinderer *v.* State of Indiana.

[No. 3-374A40. Filed October 29, 1975. Rehearing denied December 3, 1975. Transfer denied March 3, 1976.]

352

*Harriette Bailey Conn*, Public Defender of Indiana, *Larry A. Landis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert S. Spear*, Deputy Attorney General, for appellee.

STATON, P.J.—Irene Hinderer was tried by jury and, on July 6, 1973, was convicted of the crime of "Theft by Failure to Make Required Disposition of Property Received."[1] She was sentenced on September 6, 1973, to imprisonment in the Indiana Women's Prison for not less than one (1) year nor more than ten (10) years. Hinderer timely filed her motion to correct errors, which was overruled. This appeal follows. The sole issue presented for review is whether the verdict of the jury was supported by sufficient evidence of all necessary elements of the crime,

---

1. IC 1971, 35-17-5-4, Ind. Ann. Stat. § 10-3031 (Burns Supp. 1974).

namely, that Hinderer wrongfully dealt with the property as her own.[2]

The statute requires proof of three elements to convict a person of the crime of "Theft by Failure to Make Required Disposition of Property Received:" (1) That there was an agreement binding the defendant to make a required disposition of property obtained by her, (2) that the defendant failed to make the required disposition, and (3) that the defendant dealt with the property as her own. *Miller* v. *State* (1972), 153 Ind. App. 54, 285 N.E.2d 843. Irene Hinderer does not refute that she was required to make disposition of the funds or that she failed to do so. She does contend that, without reliance on the statutory inference,[3] there was insufficient evidence of the third element, dealing with the property as her own.

When questions concerning the sufficiency of evidence are presented on appeal, this Court cannot weigh the evidence or determine the credibility of the witnesses. *Winston* v. *State* (1975), 164 Ind. App. 85, 326 N.E.2d 592; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. We may consider only that evidence which is most favorable to the State, together with all logical and reasonable in-

---

2. Although appellant, in her motion to correct errors, raises the allegation of error that the proper ownership of the funds allegedly diverted was never proved to be in a legal entity possessing the legal capability of owning said funds, this allegation is waived for failure to include it in the argument portion of appellant's brief. See Rule AP. 8.3(A)(7); *McCulley* v. *State* (1971), 257 Ind. 135, 272 N.E.2d 613; *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N.E.2d 481.

3. IC 1971, 35-17-5-4(2), Ind. Ann. Stat. § 10-3031(2) (Burns Supp. 1974) provides in pertinent part:

"Inferences. A person within the categories listed below shall . . . be inferred to have dealt with the property as his own if he fails to make a required payment or disposition, or if he falsifies a relevant account, or if he has a shortage in a relevant account . . . :

(a) an officer or employee of the government or of a credit institution; or
(b) a fiduciary; or
(c) a person engaged in a business subject to a statutory obligation to reserve property received or equivalent amounts of his own property for specified purposes."

ferences which may be drawn therefrom. *Winston, supra;* *McAfee, supra.*

A conviction may be sustained in whole or in part upon circumstantial evidence so long as the evidence is of such probative value that a reasonable inference of guilt beyond a reasonable doubt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. When the sufficiency of circumstantial evidence is questioned, this Court must examine the evidence carefully, not to determine whether every reasonable hypothesis of innocence is overcome, but to determine whether an inference may be reasonably drawn tending to support the finding of the trial court. *McAfee, supra.* A conviction that rests in whole or in part upon circumstantial evidence will not be reversed unless this Court can state as matter of law that reasonable persons could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Winston, supra;* *Traylor* v. *State* (1975), 164 Ind. App. 50, 326 N.E.2d 614.

From our examination of the record, viewed in the light most favorable to the State, we must conclude that the evidence presented was sufficient for reasonable persons to form an inference that Hinderer dealt with the property as her own so as to ascertain her guilt beyond a reasonable doubt.

Irene Hinderer was the Treasurer of the Extracurricular Account of the Boone Grove School from January 1958 through June 1971. Her duties included handling the funds and maintaining the records for that account. She kept a receipt record in duplicate, the original going to the person giving the money and the carbon being retained in the office records. All receipts except one for the years 1968 through June 1971 were signed by Hinderer. She wrote checks, which were all countersigned by the school principal. She maintained a ledger consisting of entries drawn from the receipt books and the check book. She made

out all deposit slips and reconciled the bank balance to the ledger balances.

During June 1971, the State Board of Accounts began an examination of the books of the Extracurricular Account for the school years 1968-69 and 1969-70. Upon finding a discrepancy between the amount of money in the bank and the record balance, the examiners were assigned to audit in addition the school year 1970-71.

The audit showed that the bank balance was less than the record balance in the following amounts for the following years:

| | |
|---|---|
| 1968-69 school year | $2884.15 |
| 1969-70 school year | 423.17 |
| 1970-71 school year | 5492.83 |
| Total | $8800.15 |

These figures represent money received as evidenced by the receipt book entries, but not deposited in the bank.

When the auditors inquired about undeposited money shortages, Irene Hinderer was not surprised and readily acknowledged the shortages. In each receipt book from August 1969 through June 1971, she made marginal notations which showed a running total of the receipts and the amount of deposit and a balance which she testified would "represent the amount of money that was short probably plus any amount of cash that we had on hand." She substantially agreed with the amount the auditors presented to her as the total amount of the shortage. When the school principal asked her in June 1971 about the shortage, she took out of her purse a small notebook and quoted to him that the total shortage at that time was $8772.52.

Irene Hinderer never reported the shortage to anyone until the auditors arrived. She admitted that she deliberately falsified her annual reports for the school years 1968-69 and

1969-70 and thereby concealed the shortage by overstating the bank balance so it corresponded with the ledger balance.

After she was informed of the results of the audit and was confronted by the examiner, Irene Hinderer stated that she was going to try to sell a plot of land that she owned and, if possible, would use the proceeds to "pay back" some of the money. She attempted to borrow money to "pay back" the missing funds. On one occasion, she presented a check in the amount of seven or eight hundred dollars to the school principal in an attempt to make payment on the shortage.

From the evidence presented, the jury could infer beyond a reasonable doubt that Irene Hinderer dealt with the missing money as her own. Hinderer was responsible for for making deposits. She knew of a shortage as early as August 1968. She did not disclose the existence of a shortage until the auditors arrived. She falsified reports for two years to conceal the shortage. She offered to repay the missing funds by selling land that she owned and by borrowing money. In the same way that flight may be evidence of guilt, deliberate concealment of a shortage and deliberate falsification of a relevant record may be evidence that the person responsible for the funds dealt with the funds as her own. Reasonable persons could reasonably infer an admission of guilt from Irene Hinderer's offers to repay the missing funds. Whether any or all of Hinderer's acts might be compatible with a theory of innocence does not negate the inference that Irene Hinderer was guilty beyond a reasonable doubt. We conclude that the jury was justified in drawing a guilty beyond a reasonable doubt inference from the evidence presented.

Because we find that there is adequate circumstantial evidence, without reliance on the statutory inference, to justify the jury's verdict, there is no need to reach Hinderer's contention that reliance on the statutory inference denied her due process of law.

Judgment affirmed.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 336 N.E.2d 401.