Benji Dean LOUDERMILK,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 53A01–8802–CR–47.

Court of Appeals of Indiana,
First District.

June 2, 1988.

Robert W. Beck, Monroe County Public Defender, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Benji Dean Loudermilk (Loudermilk), appeals his conviction

by the Monroe Superior Court IV of possession of marijuana, a Class A misdemeanor under IND.CODE 35–48–4–11.

We reverse.

## STATEMENT OF THE FACTS

The only evidence presented in this case was the testimony of Officer David Hannum (Hannum) of the Indiana University Police Department. At 5:00 a.m. on July 19, 1987, Hannum, while parked in an unmarked vehicle on a street in Bloomington, Indiana, observed a group of four individuals, one of whom was Loudermilk, leaving a party. Engaged in loud conversation, the members of the group proceeded to a street corner at which time a cigarette was produced and passed around the group several times. A member of the group whom Hannum could not identify then withdrew a leather case from a vehicle parked nearby. A clear plastic bag was removed from the case and passed among the individuals in the group, including Loudermilk. Hannum testified that Loudermilk touched the bag only once, holding it for approximately seven seconds before passing it to the next individual. Hannum approached the group, placed them under arrest, and confiscated the plastic bag. The plastic bag contained a green leafy substance, and a field test performed by two other officers indicated the presence of marijuana. From his conviction for possession of marijuana, Loudermilk has perfected this appeal.

## ISSUES

Loudermilk presents two issues for our review. Because we reverse, the only issue which we need address is whether there is sufficient evidence to support his conviction for possession of marijuana.

## DISCUSSION AND DECISION

Where the sufficiency of evidence is in issue, this court neither reweighs the evidence nor judges the credibility of the witnesses. Rather, we look to the evidence most favorable to the State and the reasonable inferences which may be drawn therefrom. If there is evidence of probative value from which the trier of fact could reasonably find the existence of each element of the offense, the conviction will be affirmed. *Hobson v. State* (1984), Ind., 471 N.E.2d 281.

Loudermilk was convicted of violating IND.CODE 35–48–4–11 which states in pertinent part:

A person who:

(1) Knowingly or intentionally possesses (pure or adulterated) marijuana ...;

\*    \*    \*    \*    \*    \*

commits possession of marijuana, ... a Class A misdemeanor.

Loudermilk contends that there is no evidence that he possessed the marijuana.

Conviction on a possession of a narcotics offense may rest upon proof of actual or constructive possession. Actual possession is shown where there is an intent and capability to maintain dominion and control over the narcotics. *Wilburn v. State* (1982), Ind., 442 N.E.2d 1098. *Williams v. State* (1969), 253 Ind. 316, 253 N.E.2d 242 cited by Loudermilk also discusses the meaning of the word "possession":

The terms *control* and *possession* are not precisely synonymous although they do have common elements in their meanings. Webster's International Dictionary gives the legal definition of possession as "one who has physical control of the thing and holds it for himself." All the definitions contained in recognized law dictionaries indicate that the element of custody and control is involved in the term possession. *State v. Virdure,* (Mo. 1963), 371 S.W.2d 196. Possession of a thing means having it under one's control or under one's dominion. *United States v. Malfi,* (3 Cir 1959), 264 F.2d 147. A person who is in possession of a chattel is one who has physical control with the intent to exercise such control on his own behalf. *New England Box Co. v. C & R Const. Co.,* (1943), 313 Mass 696, 49 N.E.2d 121, 150 A.L.R. 152. Possession involves a present or, in case of constructive possession, a past ability to control the thing possessed plus an intent to exclude others from such con-

trol. *State ex rel. Edie v. Shain,* (1941), 348 Mo. 119, 152 S.W.2d 174. For additional definitions of the word *possession* see, 72 C.J.S., p. 233; also see *"Possession"* (control, care or custody), 33 Words and Phrases, p. 80; and "Custody" (charge, control or possession) 10A Words and Phrases, p. 500.

*Williams, supra* at 321, 253 N.E.2d at 245–46.

 In the case at bar we find the evidence introduced, and the reasonable inferences which may be drawn therefrom, are insufficient to sustain a finding that Loudermilk had the intent and capability to exert dominion and control over the marijuana. The prosecution failed to demonstrate that Loudermilk had the marijuana under his control or had the intent to exclude others from such control. The prosecution did not prove that the vehicle from which the leather case was retrieved was owned by Loudermilk. Nor did it establish that Loudermilk owned the leather case which held the plastic bag of marijuana or that he was the individual that removed the case from the car. At most the State proved that he held the plastic bag containing the marijuana for a brief period of seven seconds before passing it to another individual. This evidence does not constitute possession. Something more is necessary. We hold, therefore, there is insufficient evidence to support Loudermilk's conviction for possession of marijuana.

Accordingly, for the above reasons, the conviction is reversed.

Judgment reversed.

ROBERTSON and STATON, JJ., concur.