Larry Gene STRONG,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 45A03–9008–CR–353.

Court of Appeals of Indiana,
Third District.

June 20, 1991.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for defendant-appellant.

Linley E. Pearson, State Atty. Gen. and Mary Dreyer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Strong was tried by jury on two counts of dealing in cocaine. On each count he was convicted of possession of cocaine. His appeal challenges the sufficiency of the evidence on each count to establish possession.

The evidence favorable to the verdicts established that on March 7, 1989, and again on April 7, 1989, Strong delivered cocaine in exchange for money to an undercover police officer. On the first occasion the officer and a confidential informant met Strong at a bar and told him they were looking for cocaine. During the next hour Strong told them that his supplier was not home from work and he would let them know when he was able to contact him. Later, Strong requested the two to meet him at another bar three to four blocks away. The officer then went to that bar by herself. She met Strong who then went outside to see if his friend was there yet. Strong returned, stating the supplier had not arrived. In subsequent conversation Strong suggested that the officer go directly through him in purchasing cocaine so that she would not lose money on the deal. He wrote his first name and telephone number on a piece of paper and gave it to her.

After waiting a short time the officer told Strong she was going to get something to eat and left. She returned about a half hour later. As she entered the bar Strong stopped her and asked her to go to her car. When they got there Strong told her he could get her an "eight ball" and the officer gave him $240 (which was $5 more than the price already agreed to). Strong then gave her a packet which contained cocaine.

On the second occasion the two again met at a bar after the officer had telephoned Strong with a request to meet for a drink. She again requested cocaine and Strong agreed to obtain a half ounce for

$700 but said they would have to go to Hessville to get it. They drove there in the officer's car and Strong directed her to a bar. In the bar they met Roy and Strong had a brief conversation with him. Strong and Roy then went outside and moments later Strong returned, stating that Roy would be back in 15 minutes. When Roy returned, he and Strong told the officer that they were going to the bathroom. They returned moments later, and Strong told the officer that they could go to her car. They then drove around the block and Strong produced a plastic bag containing cocaine. He asked if he could have a "rock" out of the cocaine for his girlfriend. The officer said she needed it all, but Strong insisted. He then placed some of the cocaine in a gum wrapper, which he kept, and gave her the bag.

Strong argues that the only reasonable inference from the evidence is that in each instance his possession was fleeting and insufficient to establish the exercise of dominion and control necessary to constitute possession. He relies on *Loudermilk v. State* (1988), Ind.App., 523 N.E.2d 769. In that case we found the evidence insufficient to establish possession in a conviction for possession of marijuana. The only evidence to establish possession by the defendant in that case was that he was one of a group of four individuals. One of the individuals (not Loudermilk) took a leather case from a vehicle parked nearby and then removed a plastic bag from the case. The bag was then passed among the group. Loudermilk touched the bag only once, holding it for about seven seconds before passing it to another. There was no testimony that anyone took anything out of the plastic bag.

We find Strong's case substantially distinguishable from *Loudermilk*. In order to establish possession it is necessary that the evidence or the reasonable inferences to be drawn from it show that the accused possessed the intent and capability to maintain control of the item in question. *Wilburn v. State* (1982), Ind., 442 N.E.2d 1098; *Williams v. State* (1969), 253 Ind. 316, 253 N.E.2d 242. That inference was not available in *Loudermilk* because the defendant merely received the bag from one person and passed it to another. The necessary inference is available on both counts in the present case because in each instance Strong had exclusive possession of the contraband under circumstances where he had the capability to control its disposition. The language in *Williams*, 253 N.E.2d at 245 describing possession as control "with intent to exercise control on his own behalf" means as he wishes or chooses and does not necessarily connote any particular benefit to the actor. Thus, that Strong's possession was brief, that he may have received little personal gain from the deliveries, and that he may have been simply serving as a go-between between Roy and the officer do not negate the capability of control that he possessed in each instance. The evidence was sufficient.

Affirmed.

HOFFMAN, P.J., and SULLIVAN, J., concur.